STEPHEN COFFIN, Plaintiff in Error, *v.* HANNER, JENNINGS & Co., Defendants in Error.

### *Error to Clackamas.*

Upon motion for affirmance of judgment below, with an allowance of ten per cent. damages, as provided by statute, when it is uncertain whether the writ of error was taken in good faith or not, damages were not allowed.

*A. E. Wait,* for defendants in error.

OLNEY, J.  The plaintiff fails to prosecute his writ of error, and it is suggested that his attorney is detained away from this court by sickness.  The Chief-Justice who tried this cause, reports that the claim was a very old one; and the evidence was such as to leave it doubtful whether the verdict is or is not in accordance with truth.  It being uncertain whether the writ of error was not taken in good faith, the Chief-Justice hesitates, in a case of uncertain merits, to impose a discretionary penalty, and I am willing to defer to his opinion.

Judgment affirmed without penalty.

DEADY, J., dissents as follows :  Judgment affirmed without argument.  On motion of defendants' counsel, the court refuses to assess ten per cent. damages.  From this judgment I dissent; because, it is manifest that the cause was brought to this court for delay; the plaintiff in error having only availed himself of the forms of law to bring this cause into this court, and thereby retain the amount of the judgment in his own hands, instead of paying the same to the defendants, according to the determination of the said judgment.

The plaintiff, having chosen to retain the money, as he might do under the law, it is the duty of the court to give the defendants that compensation which the statute has intended they should receive in such cases.

Coffin *v.* Hanner, Jennings & Co.

Nor do I think the court is at liberty to consider the merits of the judgment, or the hardship, real or fancied, which it may impose on the plaintiff. Such questions are, of course, merged in the judgment itself.