Vol. I.                                    CIRCUIT COURTS.                                    271

486          State of Ohio ex rel. City of Lima v. Pohling, Auditor·

## 486                          ROAD TAXES.

### [Allen Circuit Court, June Term, 1886.]

Beer, Moore and Seney, JJ.

*STATE OF OHIO EX REL. CITY OF LIMA V. POHLING, AUDITOR.

1. COUNTRY LEVY OF ROAD TAXES TO BE EXPENDED IN A CORPORATION.

> Section 4919, Rev. Stat., as amended, 82 O. L , 171, is unconstititutional so far as it provides that the taxes "levied and collected" thereunder "in the city of Lima, Allen county, Ohio, together with any balance which may remain unexpended, levied and collected in said city under said section, shall be expended within the corporate limits of said city, under the direction o· the council of said city of Lima."

2. AUDITOR NOT COMPELLED TO ISSUE A WARRANT FOR ILLEGAL TAXES.

> Where a tax for road purposes has been illegally assessed and collected, the county auditor cannot be required to draw a warrant upon the treasurer in favor of a municipal corporation for the amount of such tax paid into the treasury by the taxpayers of such municipal corporation.

ERROR to the Court of Common Pleas of Allen county.

BEER, J.

The relator says:

The commissioners of Allen county at their June sessions in 1883 and 1884, claiming to act by virtue of the provisions of section 4919, Rev. Stat., levied in each of said years 3¼ mills on the dollar, upon all taxable property of Allen county for the purpose of improving the highways in said county.

The levies were collected by the treasurer.

Neither prior to, nor at the time of the levies did the commissioners find that any specific highway, or part or parts of highways in said county had been damaged or destroyed by freshet, landslides, wear, or water courses, or by any other casualty, neglect, or inattention, so as to render the same unfit for travel, or hinder free and necessary transportation, and that the ordinary levies authorized by law for the improvement of highways would be inadequate to make said repairs.

Said levies were made under the name of, and were for a " county road fund," to be expended generally for the improvement of highways. No other levy was made in either of said years by said commissioners for road purposes.

The levy and collection so made included 3½ mills on the dollar on all the taxable property in Lima.

Of the tax so levied and collected on the taxable property of Lima, there remains unexpended $11,196.05.

On the 29th day of April, 1885, the general assembly of the state of Ohio passed an act amending section 4919, providing that the tax so levied and collected in Lima, together with any balance which may remain unexpended, levied and collected in said city under said section, shall be expended within the corporate limits of said city under the direction of the council.

On May 5, 1885, written notice was served on the treasurer of Allen county, that the city council of Lima will expend the money collected under and by virtue of section 4919, and remaining unexpended, levied and collected under said section within the corporate limits of Lima, under the direction of the city council of the said city of Lima.

On the 12th day of May, 1885, a similar notice was served on the county auditor, the respondent in this proceeding.

On the 22d of May, 1885, the city treasurer made a demand upon the county auditor that he draw his warrant on the county treasurer for said sum of money.

The auditor refused.

The city council are desirous of expending said sum so collected and remaining unexpended, in the improvement and repair of the streets of Lima.

The relator therefore prays, that a writ of mandamus may issue against the auditor commanding him to issue his warrant on the treasurer for said sum.

An alternative writ was allowed by a single judge of this court, answerable at the present term.

The defendant demurs to the petition and the writ.

It is claimed by the defendant, that that part of section 4919, Rev. Stat., under which the relator claims to be entitled to the fund prayed for, is unconstitutional and void.

---

*The judgment in this case was reversed by the Supreme Court without report. Owen J. dissenting, January 11, 1887 ; June 28, 1887.

The right to levy the tax provided for in section 4919, is made to depend upon the existence of certain facts. (Copy section 4919, R. S., 82 O. L., 171.)

The right is conferred upon the commissioners of all counties where the necessary facts exist.

In all counties where the necessary facts exist the commissioners may make the levy.

In each county where the levy is made, except in Allen county, the fund raised by the levy is to be expended under the direction of the county commissioners in such manner as may seem to them most advantageous to the interest of any such county for the construction, repair, etc., of certain roads. But in Allen county, the tax so levied and collected in Lima, together with any balance which may remain unexpended, levied and collected under said section, shall be expended under the direction of the council of the city of Lima.

One or more of the principal highways of the county must have been so damaged or destroyed as to render the same unfit for travel, and hinder free and necessary transportation in order to authorize the levy.

These conditions must exist to justify the levy in Allen county.

In *every other* county the levy must be made for the construction, reconstruction or repair of such road or roads.

In Allen county the levy is made upon the property of the county for the same purpose; but it cannot all be expended for the purpose, but only that portion raised upon property outside of Lima.

In every county except in Allen, the commissioners may levy a tax not to exceed five mills on the dollar for the purpose of constructing, reconstructing or repairing any principal road or roads which may have been damaged or destroyed by freshet, landslide, etc.

The levy must be proportioned to the estimated cost of the improvement.

In Allen county, if one or more of the principal highways of the county be damaged or destroyed, and the levy be made of a sum sufficient to make the necessary repairs, the sum levied will not be sufficient, for the tax levied and collected in Lima cannot be used upon the roads, to repair which it was levied.

To raise a sum sufficient to repair the damaged or destroyed highways in Allen county, the commissioners must levy a sum sufficient for the purpose, and in addition thereto a sum equal to the levy upon the taxable property of Lima.

This requires the taxpayers of Allen county living outside of Lima to bear a burden not borne by the people of any other county in the state, and relieves the taxpayers of Lima of a burden borne by the taxpayers of every other city in the state.

The tax levied upon the taxable property of the county is for the construction, reconstruction or repair of damaged or destroyed highways; the tax collected in Lima is expended for another purpose.

The effect of section 4919, as amended, is to impose a burden upon the taxpayers of Allen county, who live outside of Lima, not borne by the taxpayers of any other county, while it confers a privilege upon the city of Lima not enjoyed by any other municipal corporation in the state. No other city or village can replenish its treasury in this indirect way.

No other county commissioners can levy a tax for city purposes.

No other city council can expend a county road fund.

When the roads of the county are not out of repair, the city of Lima *gets* no such fund though her treasury may be *empty*.

When the roads are damaged or destroyed, she gets it if her treasury be *full*.

In every other city in the state taxes are levied by the council in amount sufficient for the support of the city government.

When the roads of Allen county are destroyed, or out of repair, the city of Lima gets control of a fund which she may not need.

It must be plain that section 4919, as amended, has not a uniform operation throughout the state.

Before the amendment, when the circumstances were the same, it applied to all counties, to all municipalities and to all taxpayers. It operated alike upon all. It imposed the same duties and conferred the same powers upon all county commissioners. It laid the same burdens upon all the taxpayers in every county, whether in city, village or county. So before the amendment it had a uniform operation throughout the state.

If it is a general law, the amendment is unconstitutional.

The law as originally passed *was a general law.* It was entitled: "An act authorizing county commissioners to levy a tax for road purposes in certain cases."

It confers authority upon the commissioners of all counties to levy the tax if the facts authorizing the levy exist.

It authorizes the borrowing of money in anticipation of the receipts to come into the treasury by virtue of the levy.

It provides that during such years as the commissioners of any county shall avail themselves of its provisions, they shall make no other levy for road purposes.

It operates alike upon every county, upon all boards of commissioners, and upon all taxpayers of the state, whenever the occasion exists for calling its provisions into exercise.

The special privileges conferred upon the city of Lima and her taxpayers, and the additional burdens imposed upon the balance of the taxpayers of Allen county, contained in the amendment, destroy the uniform operation of the law.

The amendment is, therefore, unconstitutional and void.

Section 5, article XII, of the constitution, provides as follows: "No tax shall be levied except in pursuance of law, and every law imposing a tax, shall state distinctly, the object of the same, *to which only it shall be applied*."

This provision is very plain. The tax must be authorized by a statute.

The statute must state, *distinctly, what* the money is to be used for.

It can be used for no other purpose

A tax levied by the commissioners for the construction, reconstruction or repair of one or more of the principal highways of the county which have been damaged or destroyed by freshet or otherwise, is not a tax levied for expenditure in Lima under the direction of the city council.

By section 2824, Revised Statutes, the county commissioners of Allen county are authorized to levy on each dollar of valuation of taxable property within the county, for road and bridge purposes, one mill and five-tenths. This raises the ordinary road fund.

But where one or more of the principal highways of the county have been damaged or destroyed by freshet or otherwise, the commissioners may levy not to exceed five mills under section 4919.

Under this section the commissioners are to ascertain and estimate the amount necessary, over and above the usual levy, and levy upon all the taxable property in the county an amount sufficient to provide the necessary means to construct, reconstruct or repair any of the principal highways of the county which have been damaged by freshet or otherwise.

Under their *oaths of office* they are to ascertain and levy a tax sufficient to provide the money necessary to repair the damages.

If, by mistake, they overestimate the amount necessary, the part remaining unexpended should be restored to the townships or municipal corporations from which it was collected, to be expended as the ordinary road fund is expended.

The *occasion* for the extraordinary levy is the damage by freshet or otherwise of one or more of the principal highways of the county.

The *object* of the levy is to repair the damage, and to that purpose only it must be applied under section 5, article XII, of the constitution.

It is a county fund raised for a county purpose.

But the amendment to section 4919 takes from this county fund raised for a county purpose, all that has been collected in the city of Lima, and turns it over to the city of Lima to be expended under the direction of her city council.

This, in effect, imposes no tax upon the taxable property in the city of Lima for the county purpose for which the tax is levied, and imposes the whole burden of the extraordinary levy upon the property outside of the city.

For the *ordinary needs* under the *ordinary levy*, Lima contributes her just share for the construction and repair of the roads in the county.

But when by some casualty one or more of the principal highways of the county is damaged or destroyed, and an extraordinary levy becomes necessary, she contributes nothing.

The extraordinary levy has been made for a definite *purpose*, the money needed is raised and in the treasury, the relator asks that it be divested from that purpose and applied to another.

Under the constitution this cannot be done, and the amendment to section 4919, authorizing it to be done, is unconstitutional and void.

The amendment is just as clearly a violation of sections 1 and 6, article XIII, of the constitution.

It authorizes the city of Lima to demand and receive of the proceeds of a county tax, levied and collected for county purposes, so much thereof as was levied and collected upon the taxable property of Lima, to be expended for another and a different purpose under the direction of the city council.

No such privilege or power is conferred by law upon any other city in the state.

The law authorizing the tax applies to all the counties of the state, and in every other county the fund raised is required to be expended under the direction of the commissioners, and applied to the purpose for which it was raised. No city in the state but Lima can divest a portion of the fund from the purpose for which it was raised, and apply it to another; neither can the taxpayers of any other city escape from contributing their fair share towards the maintenance of the public highways.

For these reasons, the amendment to section 4919 is a special act conferring corporate powers, and is prohibited by section 1, article XIII; and for the same reasons; is a violation of section 6 of the same article, which provides for the organization of cities by general laws. State v. Cincinnati, 20 O. S , 18. In this case the Supreme Court say: Under the restrictive and mandatory provisions of sections 1 and 6, article XIII, of the constitution, "the general assembly cannot, by special act, create a corporation. It cannot, by special act, confer additional powers upon corporations already existing."

The decision in the case of the Cincinnati Southern Railroad has not been applied to any other city, and we think it will not be.

It certainly should never be followed except in a case of great necessity.

18   C C   1

We are sustained in the foregoing positions by the following authorities: McBride v. Lima, 34 O. S., 338, 218, 228–238; Cooley on Taxation, 104, 105, note 2, 127; 2 O. S., 607, 617; 3 O. S., 15; 42 O. S., 638; 5 *Ib.*, 246; 2 Black., 510; 20 O. S., 18, 1; 10 O. S., 588; 23 O. S., 22, 434; 31 *Ib.*, 607; 25 O. S., 426, 431; 38 O. S., 54; 13 Bull., Dec., 519, 615; 6 O. S. 272, 269; Cooley on Taxation, 105, 178, 180; 3 O. S., 34; 37 O. S, 44.

If, as the relator avers, the commissioners did not find that any specific highway, or part or parts of highways in said county, had been damaged or destroyed by freshets, etc., and if the facts authorizing the levy did not exist. we are not required to find that the fund in the hands of the treasurer came from a levy under section 4919. If illegally levied, the remedy is under section 5848, 34 O. S., 338.

If the tax was lawfully levied, the fund had been collected before the passage of the amended act, and it should be disbursed under the provisions of the act under which it was levied and collected. 10 O. S., 384; 1 O., 236; 7 O., 2 pt., 170; 37 O., 72–74; Cooley's Const. Lim., 370; Broom's Leg. Max., 35; 7 Johns., 477; 43 N. Y., 135; 17 O. S., 180.

Demurrer sustained. Writ refused.

Pillars & McKensie, for plaintiff.

Townsend & Lamison, for defendant