## A. BUCKMAN *v.* GEORGE O. WHITNEY AND J. HENRY WOOD.

PAPERS TO BE USED ON APPEAL.—District Courts have no jurisdiction to determine what papers may be used on appeal to the Supreme Court.

HOW TO SUPPLY LOST RECORD.—If the judgment roll or any part of the record in the District Court has been lost, the District Court, upon proper proofs, may supply its place by copies, and direct that the proved copies be substituted for the lost papers, and that they shall constitute the record or portion of it lost, and here the functions of the District Court end.

APPEAL FROM ORDER SUPPLYING LOST RECORD.—If either party is dissatisfied with an order of the District Court in supplying a lost record, it may be reviewed by an appeal from the order.

IF LOST RECORD NOT SUPPLIED NO APPEAL CAN BE TAKEN.—If the record or a portion of it in the District Court has been lost, and either party desires to appeal, an order of the District Court reciting that copies of the lost papers have been furnished, and directing that such copies may be used on appeal to the Supreme Court, is not an order substituting and supplying the lost record, and there is no record in the District Court from which a transcript on appeal can be taken.

LOSS OF MATERIAL PORTIONS OF A STATEMENT.—If material portions of the statement on motion for new trial or of the papers referred to in the statement have been lost, and are not supplied and substituted by the District Court, an appeal from the order denying a new trial will be dismissed.

APPEAL from the District Court, Seventh Judicial District, Solano County.

Plaintiff recovered judgment in the Court below, and defendants appealed.

The other facts are stated in the opinion of the Court.

*G. F. & W. H. Sharp*, for Appellants.

*J. McM. Shafter*, for Respondent.

By the Court, SAWYER, J.

At the January term, 1864, a motion was made to dismiss the appeal on the ground of delay in filing the transcript in this Court. As an excuse for delay, appellants alleged an inability to make up a transcript on account of a loss of the judgment roll, and asked permission to supply the missing papers. We then said : " This Court has no control over the records of the Court below, and cannnot properly make any order to supply a lost record; but that duty is within the province of the District Court. * * * Upon proper application being made, it will be the duty of the Court below to supply the lost judgment roll by the aid of copies, or by some other means under its control." It was then ordered that appellants have thirty days from and after the next term of the District Court " in which to prepare and file in this Court the transcript on appeal in this cause, and that, in the

meantime, all proceedings on said motion in this Court be stayed." (24 Cal. 267.) The object of the stay was to give appellants an opportunity, by motion in the Court below, to supply, if possible, the lost judgment roll, and restore the record of the District Court, thereby enabling them to obtain a transcript on appeal of the record thus restored, to be filed in this Court.

A document, claimed by appellants to be a transcript of the record, was filed in this Court in October, 1864, and some amendments were subsequently made in March last. Respondent now renews the motion to dismiss, on the ground that the document filed is not a transcript of the record in the Court below, and that no transcript has yet been filed in the case. A transcript on appeal is a true copy of a record, or part of a record, actually existing in the Court below. Essential portions of the record in this case having been lost, the first thing necessary to be done, to enable the party to procure a transcript was, if possible, to have the record in some way restored. And this could only be done by the Court below in the mode before indicated. Instead of applying to the Court below, upon notice to the opposite party, to restore its own record by supplying the defects occasioned by the loss, and then taking a transcript of the record thus restored, and filing it in this Court, appellants seem to have applied to the District Court to aid them in making up a record, to be used in this Court on appeal. And the Court after certain proceedings were had, accordingly ordered as follows: " But to the end that said defendants may be able to perfect an appeal to the Supreme Court of this State, it is hereby ordered by the Court that the defendants, in order to perfect an appeal, to the Supreme Court of this State, may substitute and use copies of all or any papers in said cause which may be necessary for or requisite to the perfecting of said appeal as aforesaid, with like force and effect as the originals.

" And it is further ordered by the Court, that in the event copies of said judgment roll, or any part of the same, or any of the lost papers in said cause necessary to be used in said

appeal, cannot be produced, then that the said defendants may, from such data as may be at their command, make out the necessary papers, containing and embodying as near as may be the several matters contained in the originals lost herein as aforesaid, and that said papers and each thereof may be used on said appeal with like effect as the original."

The Court not only directs what kind of papers may be used on appeal, but intrusted appellants with the duty of making out the necessary papers from such data as might be at their command. Appellants, however, are, by further order, required to file such papers with the Clerk within thirty days, and serve copies on respondent's counsel, and respondent's counsel are authorized within thirty days thereafter, in like manner, to file and serve appellants' attorneys with such papers as they may desire to supply; and in case of any disagreement, the same is to be settled on five days notice.

Afterwards, on the 21st of September, 1864—the appellants appearing to the motion, and the respondent failing to appear, and without any legal notice having been served on him—further proceedings are had. After reciting the prior proceedings, and that, " It further appearing to the Court that the defendants have furnished the originals and copies of the originals necessary to make up the transcript on appeal to the Supreme Court," etc.   *   *   *   *   *   *   *

" It is therefore ordered and adjudged by the Court that the papers so furnished as aforesaid be used in said appeal to the Supreme Court, and that all copies or other papers so furnished be used with like effect as the originals on said appeal, inasmuch as the originals cannot, after due diligence, be found or produced in Court, to be used on said appeal." The proceedings, therefore, were not to restore the record of the Court below, but an effort to make up a case for this Court, and the order merely directs what papers shall be used on appeal in this Court. The District Court is not authorized to say what papers shall be used on appeal in this Court. The law designates what shall constitute the transcript on appeal. It consists of a copy of the record, or a part of the record, of the

case in the Court below ; and, when the appeal is from the judgment, it must include a copy of the judgment roll, or a part of the judgment roll, which constitutes a part of such record.  The Court below has not determined that the papers directed to be used on this appeal shall constitute the judgment roll in the District Court in this case, or form any part of it.  They have not been adopted for any purpose, other than to .be used on this appeal.  And if for any other purpose—as to introduce in evidence on the trial of another cause—a party should require the judgment roll in this case, he would find none among the records of the District Court. These papers in the transcript, then, cannot be copies from the judgment roll, for there is no such roll.  Nor do they even purport to be copies from the judgment roll.  They do not, therefore, constitute any portion of a transcript on appeal.

The proceeding should have been for the Court, upon due notice to the parties, to have ascertained what particular papers should constitute the judgment roll in that Court, and to order that such papers be substituted for those which were lost ; that they be attached together, filed in the cause, and thenceforth constitute the judgment roll.  Here the functions of that Court would have ended.  On appeal, under the law, the Clerk, without further order, would then have included a certified copy of this judgment roll, or so much of it as might be required, in the transcript.  The roll thus certified up would be the only one that this Court could notice.  If either party should be dissatisfied with the roll, as thus constituted, on account of errors committed by the District Court in making it up, the proper mode of reviewing the action of the Court in that particular would be to appeal from the order subsequent to judgment, and by statement on appeal from the order bring into the record so much of the proceedings resulting in the order as would be necessary to explain the ground of error relied on.  But no such proceeding has been had, and the parties are now just where they were eighteen months ago, without any judgment roll in the Court below, and consequently without any certified copy of a judgment roll in the

document filed as a transcript, and without any record in the District Court from which a proper transcript can be made up.

The appellant, then, has failed to furnish the papers requisite on an appeal from the judgment.

It is claimed, however, that the necessary papers on appeal from the *order denying a new trial* have been furnished, and that the appeal from the order must be retained. Upon looking into the transcript we find a part of a statement on motion for new trial, but portions of it essential to the consideration of the grounds specified have also been lost from the files of the Court, and consequently omitted in the transcript. Among the absent papers is the charge of the Court, which is excepted to, and which it is also necessary to have to enable the Court to determine the question whether the case was properly submitted to the jury upon the law applicable to it. Most of the other grounds assigned for new trial are the erroneous admission and rejection of evidence because it is "inadmissible under the pleadings." And the pleadings are repeatedly directly referred to in the objections, and also in the instructions asked, and must necessarily have been referred to in the argument of the motion, and have been considered by the Court below in deciding it. The pleadings are not in the transcript, and it contains no statement in any form of the issues. It is impossible to determine, except inferentially, what the issues were, or even the general object and scope of the action, and without knowing something of the issues it is impossible to tell whether the rulings complained of are correct or not, or whether the points in which it is claimed that the evidence is insufficient to support the special verdict are material to a determination of the rights of the parties. There was, also, a general verdict. There is not, it seems to us, a single ground of error that can be intelligently determined upon the transcript presented. But we cannot undertake to determine important rights upon records manifestly so largely mutilated in material parts.

Section one hundred ninety-five provides, among other things, that "the statement thus used in connection with such

pleadings, depositions and minutes of the Court as are read or referred to on the hearing, constitute, without further statement, the papers to be used on appeal from the order granting or refusing the new trial." "The statement thus used" is not here, as many material portions appear to be wanting, and only a mutilated statement is brought up. The pleadings were necessarily used on the hearing below, as we have seen, and they are wanting. Section three hundred forty-six requires the appellant to furnish "a copy of the papers used on the hearing of the Court below;" and further provides, that "if the appellant fails to furnish the requisite papers, the appeal may be dismissed." Of course, immaterial portions of the record in the Court below may be dispensed with in the proper mode. But in this case much that is material to an intelligent determination of the propriety of the order appealed from is wanting.

We think the appeals both from the judgment and the order should be dismissed, and it is so ordered.

Mr. Justice SHAFTER, having been of counsel, did not participate in the decision of this action.

Mr. Justice CURREY expressed no opinion.