[Filed January 4, 1892.]

## L. L. HAWKINS *v.* CARRIE JONES ET AL.

APPEALS—DAMAGES ON ABANDONMENT—PRACTICE IN SUPREME COURT.—When an appeal is abandoned in cases where the judgment or decree is for the recovery of money or personal property or the value thereof, the respondent may, on notice to the appellant, under rule 7 regulating the practice in this court, file copies of the notice of appeal, undertaking, and decree or judgment, and will be entitled on motion to an affirmance of the judgment or decree appealed from; and in such cases, if it appear that the appeal was taken for delay and not in good faith, this court will add to the judgment or decree an amount not exceeding ten per cent thereof as damages.

Multnomah county: L. B. STEARNS, Judge.

Defendants appeal.    Affirmed.

This is a case where the appellants abandoned their appeal and failed to file the transcript.    After the time for filing the transcript had expired, the respondent proceeded under rule 7 of this court to file copies of notice of appeal, undertaking, and decree, and after serving notice now moves for affirmance of the decree, with ten per cent damages.

*C. W. Fulton,* for the motion.

*A. Bernstein, contra.*

STRAHAN, C. J.— Counsel for the motion relies upon section 547, Hill's Code, which provides: . "Whenever a judgment or decree is affirmed on appeal, and the same be for recovery of money or personal property, or the value thereof, the judgment or decree shall be given for ten per centum on the amount thereof for damages for the delay,

unless it appear evident to the appellate court that there was probable cause for taking the appeal." This section relates entirely to causes that are heard in this court on appeal, and not to such cases as may be affirmed under rule 7, where the appeal is abandoned.

Rule 7, under which this application is made, is silent as to damages. The practice under it, however, has been to allow damages on affirmance, if it appeared that the appeal was not taken in good faith with the intent to prosecute it, or if it appeared that the same was taken for the purpose of delay; but a clear case is required, for the reason that generally the legal rate of interest on money is the measure of damages for its detention, and a party ought not to be mulcted in double damages unless he be seriously at fault.

But how are the requisite facts to be made to appear? Not by the transcript, because it is not here. The court cannot presume or intend bad faith in the appellant. In this case, the parties have filed affidavits on both sides, which we have examined, from which it sufficiently appears that the appellant sought to secure further time only by taking this appeal. The appeal is not allowed for that purpose, and under the circumstances the respondent ought to be allowed damages on affirmance.

The rule quoted does not provide for damages nor the amount; and while it has been the practice so far as any member of the court can remember, to allow ten per cent in such case, still the power to allow that amount implies the power to allow any less sum. Under the particular facts of this case, we think five per cent reasonable, and direct the decree to be affirmed with five per cent damages.