[Decided December 26, 1893.]

## ·LESTER *v.* ELWERT.

[S. C. 35 Pac. Rep. 29.]

1. PRACTICE IN SUPREME COURT—SERVICE OF AFFIDAVITS.—Affidavits in support of a motion before the supreme court should be filed with the motion so that the opposite party may have an opportunity to meet them before the hearing.

2. ABANDONED APPEAL—DAMAGES.—Damages will not be allowed to respondent in case of an abandoned appeal where the appellant, before the time for appeal had expired, offered to pay the judgment, and the transcript was filed by respondent.

APPEAL from Multnomah: H. HURLEY, Judge.

F. W. Lester recovered a judgment against Jacobena Elwert, and the latter took steps tending to an appeal. The transcript not having been filed, the respondent moves the supreme court for an affirmance of the judgment under rule seven of the rule of the supreme court promulgated February twenty-eight, eighteen hundred and eighty-nine: 19 Or. 589.        DISMISSED.

*Mr. Samuel H. Gruber,* for the motion.

*Mr. Nathan D. Simon, contra.*

PER CURIAM.

The appeal in this case having been abandoned, the respondent, on October fifth, eighteen hundred and ninety-three, served a notice upon the attorney for appellant that on the sixteenth of the month he would move this court for an affirmance of the judgment. No showing

was made, or attempted to be made, at the time the notice
was served, or at any time before the hearing, that the
appeal was not taken in good faith, nor was appellant
notified in any way that the motion would be supported
at the hearing by affidavits.   However, two days before
the time fixed for the hearing the appellant served upon
respondent, and filed in this court, her own affidavit, in
which she states that the appeal was taken in the utmost
good faith, and only abandoned on the advice of her
counsel that the amount involved would not justify the
expense of an appeal; and also the affidavit of her coun-
sel, in which he states that he offered to pay the full
amount of the judgment and costs before the time for
filing her transcript on the appeal had expired, and before
any transcript had been made or ordered by respondent,
but that counsel for respondent would not accept the same
unless he would also pay ten per cent on the amount of
the judgment as damages for the delay, and fifteen dollars
for attorney's fees, which he refused to do; that on the
following day, and before the transcript was made or
ordered, he paid to the sheriff the full amount of the
judgment, costs, and disbursements, and the costs on exe-
cution.   At the hearing, the respondent, for the first time,
filed several affidavits tending to show that the appeal
was taken for the purpose of delay, and with no intent of
being prosecuted, and that the payment by Mr. Simon to
the sheriff was made after the transcript had been made
and filed in this court by the respondent; but Mr. Gruber,
the attorney for the respondent, admits and avers in his
affidavit that Mr. Simon offered to pay him the full
amount of the judgment and costs on October fourth,
before the transcript was ordered, and that he demanded
ten per cent on the judgment as damages, and an addi-
tional sum of fifteen dollars for his services as attorney
in "preparing cross-bill of exceptions"; and because Mr.

Simon refused to pay these additional amounts he brought the case here for affirmance.

After hearing the argument of counsel, the court decided the motion orally, holding: (1) That the affidavits presented by respondent showing, or tending to show, that the appeal was taken for the purpose of delay and not in good faith, came too late at the hearing, but should have been served and filed with the notice of the motion for affirmance so that the appellant could have come prepared to meet the statements in the affidavits if she had desired to do so; and that, in view of the rule that the court would not presume bad faith in the appellant, the respondent was not entitled to damages: *Hawkins* v. *Jones*, 21 Or. 502, 28 Pac. Rep. 548. (2) The affidavits show, and it is admitted by respondent, that appellant, before the time in which to perfect her appeal had expired, and while she yet had a right under the law to file her transcript in this court, offered to pay to the respondent all that was due on the judgment, but respondent refused to accept it, and hence there was no necessity of bringing the case to this court and making additional costs.

Since this decision a petition for rehearing, accompanied by various and sundry additional affidavits, letters, petitions, etc., has been filed. We see no reason to depart from the conclusions already reached, but, because the prior decision was oral, make this memorandum of the grounds thereof.                                    DISMISSED.