Argued July 22; decided October 28, 1895.

CLOSE *v.* CLOSE.

[42 Pac. 128 ]

DISMISSING APPEAL— FILING ABSTRACT—RULES OF COURT.—An appeal will be dismissed where appellant fails to serve and file the abstract of the record required by the rules of the court, (Rules 4 and 9, 24 Or. 595–597,) though part of the record has been lost, no effort having been made within a reasonable time to supply the missing papers: *Wolf* v. *Smith,* 6 Or. 74, approved and followed.

APPEAL from Clackamas: T. A. MCBRIDE, Judge.

Suit by Lizzie E. Close against David H. Close, in which there was a decree for plaintiff. Defendant appealed, but, having failed to file the printed abstract of the record required by Rules 4 and 9 of the court, (24 Or. 595–597,) the respondent moved to dismiss the appeal.                                    DISMISSED.

*Mr. C. D. Latourette,* for the motion.

*Mr. Harvey E. Cross, contra.*

PER CURIAM. This is a motion to dismiss the appeal because the abstract of the record required by the rules of this court has not been served or filed. The defendant undertakes to excuse his failure in this regard on the ground that the evidence taken in the court below and upon which the decree was based has been lost or misplaced. There is no rule requiring the evidence to be printed in the abstract, and, besides, it is the duty of the appellant to bring into this court a perfect record, and if any part thereof has been lost or mislaid it must be supplied in the court below, and if not so supplied within a reasonable time the appeal will be dismissed: *Wolf* v. *Smith,* 6 Or. 74; *Buckman* v. *Whitney,* 23 Cal. 555; *Boyd* v. *Durrell,* 60 Cal. 280. The transcript was filed on March fifth, eighteen hundred and ninety-five, and the lost record has not been supplied, nor has there been any effort made in that direction so far as we have been advised. The appeal must therefore be dismissed, and it is so ordered.                                    DISMISSED.