## OSBORN *v.* NEWBERG ORCHARD ASSOCIATION.

[59 Pac. 711, 60 Pac. 994].

1. RULES OF COURT—TIME FOR FILING AFFIDAVITS.—Affidavits not filed in the supreme court within the period limited by Rule 19 (24 Or. 591) will not be considered, though it is shown that the attorney who prepared and filed them was so occupied in the trial of a cause that he could not attend to the matter sooner.

2. AFFIRMANCE OF JUDGMENT—DAMAGES.—In support of a motion for affirmance of a judgment under Section 547, Hill's Ann. Laws, the averment that the appeal was not taken in good faith, but for delay, without showing any facts from which the truth of such averment may be determined, is not sufficient to support an allowance of damages.

3. WHAT COSTS ARE RECOVERABLE ON AFFIRMANCE.—The costs and disbursements recoverable on the affirmance of a judgment, under Section 547 of Hill's Ann. Laws, are those taxed in the lower court as part of the judgment there and the costs attending the appeal.

From Multnomah : ARTHUR L. FRAZER, Judge.

Motion to affirm a judgment.    MOTION ALLOWED.

*Messrs. Woodward & Palmer*, for the motion.

*Messrs. Cake & Cake, contra.*

PER CURIAM. This is a motion for affirmance of the judgment on the ground that the appeal has been abandoned. The plaintiff recovered judgment against defendant in the Circuit Court for Multnomah County on the twenty-second day of March, 1899, for the sum of $460, and $87.55 costs and disbursements, and on March 24 caused execution to issue thereon. On April 28 the defendant served notice of an appeal to this court, and gave an undertaking therefor, and for a stay of proceedings also, whereupon the sheriff, on May 20, by direction of the court below, returned the execution unsatisfied, with a statement of his costs thereon, amounting to $26.50. Thereupon plaintiff gave an undertaking for the enforcement of the judgment notwithstanding the appeal, and caused an alias execution to issue, when defendant paid the face of the judgment, with accrued interest. It is alleged that plaintiff incurred an expense of $10 in procuring a suitable party to become surety on his said undertaking ; that the appeal was not taken in good faith, but for delay, and to cause additional trouble and expense. The transcript of the cause not having been filed, and the time for such filing having expired, the motion was interposed upon the showing thus indicated.

1. Notice of the motion was properly served upon the appellant ten days prior to the hearing. The appellant has attempted to resist the motion by counter affidavits, showing, among other things, the cancellation of the judgment in full since the appeal, to the consideration of which respondent objected because they were served only two days prior to the hearing. Later, an affidavit was filed, showing that the counsel was engaged in another case pending at the time, for the purpose of excusing his delay in making such service, and he therefore claims that the rule should not be enforced against him. The excuse presented is entirely insufficient for the purpose.

It is not an uncommon thing for counsel to be busy and to have conflicting engagements, as it may respect the time of their discharge and fulfillment, and, if such a circumstance should be regarded as a valid excuse for a nonobservance of the rules of the court, it would be very difficult to secure their observance in any event. The counter affidavits will therefore not be considered in the disposal of the motion.

2. The motion should be allowed, and the judgment affirmed, and it is so ordered, but without damages. The averments that the appeal was not taken in good faith, but for delay, are but conclusions, and set forth no facts from which we may determine the truth in the premises. Bad faith is not a presumption attending an appeal, and must be shown, to make it available as a cause for the recovery of damages, when the cause is not tried upon the merits : *Hawkins* v. *Jones*, 21 Or. 502 (28 Pac. 548) ; *Lester* v. *Elwert*, 25 Or. 102 (35 Pac. 29).

3. It was insisted that the accruing costs upon the first execution, and the expenses incurred in procuring the surety to the undertaking for the enforcement of the judgment, were proper items to be assessed against the appellant and his sureties. The expenses of obtaining the surety are assuredly not recoverable as costs and disbursements in any event, and, as it pertains to the costs on the execution, we are not sufficiently advised by the record to determine whether they are properly taxable as accruing costs or not ; but, however this may be, they are only recoverable, if at all, by force of the judgment in the lower court, if the same is still effective and susceptible of enforcement. We can only give judgment here for affirmance, and for the costs attending the appeal.                                        AFFIRMED.

### On Petition for Rehearing.

[60 Pac. 994.]

Per Curiam. Since the rendition of the decision upon the motion of respondent to affirm the judgment of the court below in the above case each of the parties has filed a petition for rehearing ; but, upon a careful re-examination of the record and authorities, we find nothing requiring a modification of the opinion rendered, except in one particular. The court made use of the expression, "The expenses of obtaining the surety are assuredly not recoverable as costs and disbursements in any event :" 59 Pac. 711. Counsel for respondent has called our attention to the late statute respecting surety companies (Sess. Laws, 1899, p. 193), whereby it is provided that "in all actions and proceedings a party entitled to recover disbursements therein shall be allowed and may tax and recover such sum paid a person or company for executing any bond, recognizance, undertaking, stipulation, or other obligation therein, not exceeding," etc., and suggests that the opinion is inimical to this statute. We were not aware of the statute when the motion was decided, and therefore had no intention of construing or applying it in any manner, and it is not now necessary to pass any judgment concerning it. If this item of costs is recoverable under the statute, the subsequent remark touching the costs and expenses applies to it as well, and we cannot determine the question here. Rehearing Denied.