Argued 8 October, decided 19 October, 1903.

## MANARY v. RUNYON.

[73 Pac. 1028.]

STATUTE OF FRAUDS — ORIGINAL PROMISE.

1. Where the president of a corporation orally agreed to reimburse plaintiff for expenses and attorney's fees incurred in certain negotiations between plaintiff and the corporation, if the contract was not consummated, such promise to reimburse was original, and not a promise of the president to pay a debt of the corporation.

CONSIDERATION FOR CONTRACT OF INDEMNITY.

2 Where the president of a corporation agreed that if plaintiff would not revoke his offer to purchase certain stumpage of the corporation, but would hold himself ready for two days to contract with the corporation in compliance with the offer, and would meet defendant at a time specified, defendant would pay plaintiff's expenses and attorney's fees if the contract was not consummated, plaintiff's agreement not to revoke his offer, and to meet defendant at the time specified, constituted a sufficient consideration for defendant's contract.

MUTUALITY OF CONTRACT TO INDEMNIFY.

3. Where defendant agreed that if plaintiff would keep open an offer to purchase certain stumpage for two days, and return to defendant's place of business

to consummate the contract, defendant would pay plaintiff's expenses and attorney's fees if the contract was not consummated, and plaintiff assented to defendant's proposition, and expressly agreed to the terms offered, such contract to indemnify plaintiff was not void for want of mutuality.

QUESTION FOR JURY — NONSUIT.

4. The testimony offered by the plaintiff justified a submission of the case to the jury, for it reasonably tended to support the allegations of the complaint.

COMPETENCY OF EVIDENCE.

5. In an action to recover on an agreement to indemnify plaintiff for expenses and attorney's fees if a certain contract should not be consummated, a letter written by defendant, advising plaintiff that the contract could not be entered into, and asking him to send his bill of costs, upon which defendant would send a check for the same, is admissible.

IDEM.

6. In such an action evidence of the amount of land and the quantity of timber involved in the proposed contract is relevant.

APPEAL — DAMAGES FOR DELAY.

7. Damages for delay necessitated by an appeal as authorized by B. & C. Comp. § 557, cannot be allowed where the supreme court is unable to say from the record that the appeal was not taken in good faith.

From Multnomah: ARTHUR L. FRAZER, Judge.

Action by James Manary against Charles E. Runyon. The complaint setting forth plaintiff's cause of action, tersely stated, is as follows: That on April 5, 1902, at Portland, Oregon, the defendant promised and agreed with the plaintiff that if plaintiff would not then revoke, but keep open, a certain written offer made by him to the Beaver Flume & Lumber Company, a corporation of which the defendant was president, to enter into a certain contract of purchase with said company, and meet the defendant at Portland, Oregon, after returning to his home in Marshland, at 2 P. M., April 7, 1902, the Beaver Flume & Lumber Company at said time and place would either accept the offer and contract with plaintiff on the proposed terms, or, in case it contracted with one Eccles, would pay his expenses in negotiating with said company relative to said contract, and such reasonable attorney's fees as plaintiff may have incurred in the negotiations; that in pursuance thereof the plaintiff agreed to, and did, keep open the offer to contract with said company, as requested, and was at the time designated, and is still, able, ready, and willing

to so contract with it ; that plaintiff has in all things kept his part of the agreement; that at the time designated, and without cause, the said company declined, and still refuses to contract with the plaintiff, but, on the contrary, entered into an agreement and contract with said Eccles, or a corporation represented by him, to sell the property ; that plaintiff has incurred expenses in connection with said negotiations with said company, which defendant promised and agreed to pay, in the sum of $40, and $100 attorney's fees ; that the plaintiff has demanded payment, etc.— and prays judgment for $140, with interest, costs, and disbursements. The answer denies specifically each and every allegation of the complaint, and, for a further and separate defense, alleges, in substance, that whatever contract the plaintiff made with reference to said matter was made with the Beaver Flume & Lumber Company, and not with the defendant, Runyon, and that the total expenses incurred by reason of said negotiations do not exceed $20. A trial was had, resulting in a judgment in favor of plaintiff for $110, and costs and disbursements, taxed at $63.15, from which the defendant appeals. When the plaintiff rested his case, the defendant moved for a nonsuit, which motion being denied, the action of the court in this regard is assigned as error. The evidence adduced up to the time of filing the motion is all here in the bill of exceptions, but not the testimony subsequently given, either by the defendant in defense, or the plaintiff in rebuttal.                                          AFFIRMED.

For appellant there was a brief over the name of *T. J. Cleeton*, with an oral argument by *Mr. Cleeton* and *Mr. Loring K. Adams.*

For respondent there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

MR. JUSTICE WOLVERTON, after stating the facts in the foregoing language, delivered the opinion.

1. The primary contention of defendant, now made for the first time, is that the complaint does not state facts sufficient to constitute a cause of action. It seems to be the theory of counsel that it is based upon a promise to pay the debt previously incurred by a third person, and that there is no new consideration to support it. Manifestly, however, such is not the nature of the action. Its purpose is to require the defendant to reimburse the plaintiff for expenses and attorney's fees incurred in the negotiations alluded to, which it is alleged the defendant promised to do in the event the Beaver Flume & Lumber Company should contract with Eccles, and consequently not accept his offer, and is a simple money demand upon a direct promise.

2. Again, it is argued that a sufficient consideration is not shown to support the alleged promise or agreement of defendant to reimburse the plaintiff. The consideration consists of plaintiff's agreement not to revoke, but to hold himself ready for the space of two days to contract with the Beaver Flume & Lumber Company in pursuance of his proposal or offer of purchase, and to return to Portland from his home at Marshland and meet the defendant at the time specified, with which agreement, it is alleged, he fully complied. It was not only a promise to do something which required the plaintiff's time and some outlay, but to forbear from doing an act, which forbearance was presumably of some value to the defendant, or the corporation of which he was the president, and was ample, in our opinion, to support the agreement.

3. Nor is the alleged agreement wanting in mutuality. It is sufficiently averred, at least after verdict, that the plaintiff assented to defendant's proposition, and expressly agreed to the terms offered. It was not necessary for the complaint to state the contents of plaintiff's written offer to purchase from the Flume & Lumber Company. The objections to the complaint are therefore not tenable.

4. As to the proofs on the question of nonsuit, but little need be said. The inquiry must be confined to those offered by plaintiff up to the time he rested his case. The testimony subsequently introduced by the defendant and that by the plaintiff in rebuttal is not here, and we cannot, therefore, in its absence, presume that the case made by plaintiff in the first instance, if sufficient to be submitted to the jury, was overcome or weakened thereby. There is a contention on the part of the plaintiff that the bill of exceptions was not properly settled and allowed, and hence that defendant is not in a position to urge this objection, by reason of having omitted to present or deliver his exceptions in writing, particularly stated, to the judge, as the trial progressed, or to have them entered in his minutes, and then or subsequently corrected to conform to the truth. The trial court settled and allowed the bill of exceptions in the usual way, under the general practice, upon presentation to it by the appellant after the trial was concluded, and after an opportunity by the respondent to be heard, and to suggest such amendments as he might deem proper. But it is unnecessary to consider this question now, as, under the view we have taken on the application for a nonsuit, the judgment must be affirmed in any event, although we are strongly impressed that the contention is without merit.

Plaintiff's proofs show, in substance, that he had been negotiating with the Beaver Flume & Lumber Company, through the defendant, its president, and Mr. Cleeton, an officer, for the purchase of standing timber upon about 2,200 acres of land, which it was finally about concluded should be consummated by means of an agreement in the nature of a lease of the land, with permission to remove the timber, upon the payment of an agreed stumpage. The defendant submitted a proposition to the plaintiff, which he took to his attorney, and had a contract drawn

up in conformity therewith, and on the 5th day of April, 1902, the parties met for the consideration thereof. After considerable discussion between them, the defendant suggested that, owing to the length of the proposed agreement, he wanted further time to read it over and familiarize himself with its terms. To this the plaintiff seriously objected, arguing that he had been put off from time to time by defendant, and demanding that it be consummated then and there, or that all negotiations be declared at an end, whereupon defendant proposed that if plaintiff would go to his home at Marshland, and return on the following Monday, the 7th, at 2 o'clock, P. M., he would pay his expenses incurred in the negotiations, including reasonable attorney's fees, provided he sold the property to another party. There had been previous negotiations with Eccles for a sale of the property, and the parties had in mind the possible conclusion of an agreement with him. The actual language of the defendant, as shown by plaintiff's testimony, after an unavailing suggestion that the proposition should be put in writing, was,"I will pay your expenses and your reasonable attorney's fees if you will go home, provided I sell this property"(meaning a sale to Eccles.) This is corroborated by Mr. Duniway, a witness for the plaintiff, who testified that the plaintiff said "he would take the man's [defendant's] word for it," thus indicating that the proposition need not be reduced to writing. It is further shown that the parties then separated, the plaintiff departing for his home at Marshland. On the same day, April 5th, defendant informed plaintiff by letter that they had closed the sale with Eccles, assigning some reasons why they were afraid to consummate the agreement with him, but said further: "In regard to your expenses in the matter, I will do what is right, and also whatever is reasonable in the way of an attorney fee. While I am not legally bound to do so, still I feel that we

have caused you some trouble and expense in the matter, and it is nothing more than right that you should be compensated therefor. * * If you will send me your bill of costs I will be pleased to send you a check for the same." Without further reference to the testimony, here is enough to go to the jury, from which they might reasonably have inferred the consummation of a valid agreement between the parties. There was a proposition on the part of the defendant, and an acceptance on the part of the plaintiff, thus establishing mutuality; and the subject-matter being apt, and the consideration sufficient, as we have seen, there can be no reason for disturbing its findings.

It is suggested that the amount of the verdict is out of proportion to the reasonableness of the expenses and attorney's fee, but this we cannot look into upon the record before us.

5. An objection was made and exception saved to the admission in evidence of the letter above alluded to. It was manifestily pertinent, however, to go to the jury upon the issues, as it had a tendency to establish the agreement relied upon for recovery. There was no error in its admission.

6. Two other exceptions were saved to questions propounded to the plaintiff as to the extent of the land and quantity of timber involved in the negotiations. These questions were manifestly relevant to the inquiry, and were properly allowed.

7. Lastly, the plaintiff moves that damages be awarded him for the delay necessitated by the appeal, under Section 557, B. & C. Comp.; but, being unable to say from the record before us that the appeal was not taken in good faith, the motion must be denied: *Nelson* v. *Oregon Ry. & Nav. Co.* 13 Or. 141 (9 Pac. 321). Having disposed of all the assignments, and finding no error, the judgment of the circuit court will be affirmed.                    AFFIRMED.