Argued on motion to affirm September 23, decided November 23, corrected
judgment entry made December 28, 1909.

## MORRISON v. HALL.

[104 Pac. 963.]

APPEAL AND ERROR—FILING PRINTED ABSTRACT—EXCUSE FOR FAILURE.
1. It is 'no excuse for noncompliance with Supreme Court rule 4,
50 Or. 571 (91 Pac. viii), requiring appellant, within 20 days after the
transcript is filed in a civil case, to serve and file his printed abstract
of the record, for failure to do which there may be an affirmance or
dismissal, that it was an oversight of his attorney due to press of busi-
ness through sickness of his partner.

COSTS—ON APPEAL—BAD FAITH—PENALTY.
2. The evidence of an appeal in bad faith must be clear and convincing
to authorize the statutory penalty.

From Multnomah: JOHN B. CLELAND, Judge.

Defendant appealed from a judgment rendered against
him in action upon a promissory note. Plaintiffs moved
for an affirmation of the judgments on the ground that
defendant and appellant, without reasonable excuse,
failed to file a printed abstract of the record within time.
The transcript was filed July 26, 1909, On September 23,
1909, no abstract having been served or filed by appellant,
plaintiffs served and filed this motion, in which, in addi-
tion to the relief of affirmance, he asks that damages to
the extent of 10 per centum of the judgment be assessed
in his favor and against the defendant because of an
alleged vexatious appeal.

*Mr. J. F. Boothe* for the motion.

*Mr. Lewis C. Garrigus,* contra.

1. PER CURIAM. Rule 4 requires that, within 20 days
after the transcript is filed in a civil case, the appellant
shall serve and file his printed abstract of the record
(50 Or. 571: 91 Pac. viii) and for a noncompliance with
this rule the judgment appealed from may be affirmed or
dismissed. *Swanson* v. *Leavens,* 26 Or. 561 (40 Pac.
230) ; *Close* v. *Close,* 28 Or. 108 ( 42 Pac. 128.)   The
default is admitted, and in extenuation it is alleged that

it was not intentional, but was an oversight of defendant's attorney growing out of a press of business in other directions forced upon him by the serious illness of his associate in business. A negligent oversight or failure to file the abstract within time caused by pressure of business does not excuse the default under the rule announced by this Court in *Schafer* v. *Beecher*, 101 Pac. 899. As the default occurred, and the motion to affirm was filed, prior to the recent amendment of the rules governing the remedy in such matters, no waiver of the default can be asserted.

2. As to the assessment of damages because of an appeal alleged to have been taken in bad faith, the case made is not of that clear and convincing character as would authorize the infliction of the statutory penalty.

The motion to affirm the judgment is allowed, but otherwise it is denied.     AFFIRMED.