Argued April 9, affirmed July 30, 1929.

## G. W. HOBSON ET Ux. *v.* JOHN S. BEALL.

(279 Pac. 645.)

For appellant there was a brief over the name of *Messrs. Winter & Maguire,* with an oral argument by *Mr. W. H. Maguire.*

For respondents there was a brief and oral arguments by *Mr. Roy F. Shields* and *Mr. O. G. Edwards.*

BELT, J.—This is a suit for specific performance of contract to purchase real property. On July 3, 1922, the plaintiffs agreed to sell, and the defendant agreed to buy certain real property at a price of $10,000. The deed was placed in escrow with the

Central Oregon Bank with direction to deliver it to the defendant upon payment of the balance due under the contract. There is no dispute as to payments made. The vendee asserts, however, a breach of warranty against encumbrances. It is alleged that, prior to the execution of the contract to purchase, the Deschutes County Municipal Irrigation District purchased water rights and entered into a contract for the construction of certain irrigation works. In order to make such purchase and improvements, two series of bonds were authorized aggregating $650,000 at time of contract to buy the land, the bonds, however, were not sold or delivered.

██ It is the contention of the defendant vendee that these bonds constitute a breach of warranty against encumbrance upon the land in question. Even though these bonds had been issued and delivered prior to date of contract, it is well established that they do not create a specific lien or encumbrance on the property of the plaintiff. The bonds represent a general obligation of the district: *Noble* v. *Yancey,* 116 Or. 356 (241 Pac. 335, 42 A. L. R. 1178). No lien is created until an assessment has been levied to pay amount due on the bonds. The warranty in the deed did not include potential liens, but only liens existing at time of delivery of the deed. Assessments unmatured or not due are not liens or encumbrances within the meaning of the law: *Hoge* v. *Garcia* (Tex. Civ. App.), 296 S. W. 982; *Condit* v. *Johnson,* 158 Iowa, 209 (139 N. W. 477); *Pate* v. *Banks,* 178 N. C. 139 (100 S. E. 251); *Branch* v. *Saunders,* 195 N. S. 176 (141 S. E. 583).

Assuming that an encumbrance was created, the defendant expressly agreed to assume any indebted-

ness created by reason of the bonds. Witness the following paragraph of the contract:

"The party of the second part (defendant) assumes and agrees to pay all taxes, liens, charges or assessments which may come against said property as lien or otherwise from and after the date hereof, excepting that the grantors agree to pay all water maintenance charges or fees up to the year 1922, but the party of the second part is to pay the maintenance fees or charges for succeeding years during the lifetime of this contract."

While we can see but slight merit in this appeal, it is not deemed proper, as urged by counsel for plaintiff, to assess damages against defendant-appellee by virtue of Section 560, Or. L.

The decree of the lower court is affirmed. Plaintiff is entitled to costs and disbursements. AFFIRMED.

COSHOW, C. J., and BEAN, J., concur.

BROWN, J., absent.