Argued March 13; affirmed May 1, 1930

# LOVELAND *v.* PLANT ET AL.
### (287 P. 219)

*Lawrence Lister* of Portland (E. L. McDougal of Portland on the brief) for appellants.

*H. E. Collier* and *Earl F. Bernard,* both of Portland (Collier, Collier & Bernard of Portland on the brief), for respondent.

COSHOW, C. J. ■ Defendants present the case herein on the principle that they were entitled to have their theory of the case presented to the jury, which they claim was not done. The requested instruction does not correctly state the law applicable either to the pleadings or the testimony of the defendants. Defendants pleaded contributory negligence. First:

"In that the automobile of which plaintiff was an occupant was being operated at the time complained of at a high and dangerous rate of speed, to wit: in excess of 15 miles per hour."

Second:

"That the plaintiff herein and operator of said car failed to observe the traffic at said intersection and particularly the automobile of the defendants herein."

But defendant J. H. Plant testified there was no traffic at that time on that part of Williams avenue, and his wife, said Elsie Plant, did not testify regarding that matter. Third, that the automobile of which plaintiff was an occupant was, under the circumstances, not entitled to and should have yielded the right of way to the defendants.

It is clear from the mere statement of the case that there are no allegations in the answer justifying the requested instruction. Under the law in force at the time of the accident, May 29, 1927, the maximum speed at intersections was 20 miles an hour, unless the view of a driver approaching an intersection was obstructed when the limit was 15 miles per hour: 1927 Laws, p. 269, § 1, subd. 16(b) (3), (5). The answer does not charge plaintiff with negligence by exceeding the speed limit. There is no allegation that her view was obstructed or that there were other reasons why the maximum limit fixed by statute was unsafe. The evidence as to speed of plaintiff's car was conflicting. Plaintiff and her husband testified the rate was about five miles an hour in low gear. Defendant J. H. Plant testified that plaintiff's speed was all of 30 miles per hour. The verdict determined that conflict in plaintiff's favor.

The second allegation of negligence in the answer is not supported by any testimony. On the third allegation of negligence in the answer there are no statements of fact which prevented the operation of the law of the road as to the right of way. Plaintiff was approaching from defendant's right, and plaintiff, therefore, had the right of way. There are no allegations that tend to raise an issue of the last clear chance doctrine. There are no statements of fact in the answer or in the testimony tending to show that plaintiff had control of the automobile of which she was an occupant.

There are no allegations or testimony that plaintiff could have done anything to have avoided the collision; consequently the instruction requested by defendants could not have been lawfully given. There is neither pleading nor evidence to justify it.

There was some conflict in the testimony but all of that was settled by the verdict. The appeal based on the refusal of the court to give the requested instruction, set out in the statement herein, is frivolous and trivial. It appears to the satisfaction of the court that the appeal taken in the instant action was for the purpose of delay. The judgment is affirmed. In addition to the statutory costs and disbursements, the plaintiff and respondent is allowed an additional 10 per cent of the judgment as damages for the delay caused by the appeal: Or. L., § 560; *Hawkins v. Jones,* 21 Or. 502 (28 P. 548) ; *Manary v. Runyon,* 43 Or. 495, 501 (73 P. 1028).

BELT, BEAN and BROWN, JJ., concur.