Argued April 27; affirmed June 14; rehearing denied and opinion modified August 1, 1932

## ERB *v.* SHOPE ET AL.

(12 P. (2d) 308)

*Randall S. Jones,* of Portland (E. L. McDougal, of Portland, on the brief), for appellants.

*G. M. Roberts,* of Medford (Wm. M. McAllister, of Medford, on the brief), for respondent.

RAND. J, Defendants appeal from a judgment on the verdict. The action was for the recovery of damages sustained by plaintiff in a collision between an automobile driven by him and a truck owned and being operated by defendants. The collision occured on the Pacific highway about two miles north of Grants Pass.

At the close of the testimony, defendants requested the court to give certain instructions which were embodied in 12 distinct, numbered paragraphs. These instructions were not asked separately and the ruling taken upon each, but they were asked as a whole and, upon the court's refusal to give them in the form requested, only a single exception was taken. The exception taken was in the following words:

"The defendants, if Your Honor please, desire to except to the refusal of the court to give the requested instructions tendered to the court by the defendant in the form in which they were tendered, and also to except to the modification of such instructions as Your Honor gave which were substantially the instructions requested by the defendant."

As said by Mr. Justice STRAHAN in *Salomon v. Cress,* 22 Or. 177 (29 P. 439):

"This state of the record brings the case clearly within Murray v. Murray, 6 Or. 17. In that case this court, per Shattuck, J., declared the rule relative to exceptions of this kind as follows: '1. When any part of a charge given is sound, a general exception to the charge as a whole cannot be sustained; 2. To maintain an exception to a refusal to charge an entire series of propositions, each one of the propositions must be sound; 3. An exception to such portions of a charge as are variant from the requests made by the party, not pointing out the variance, cannot be sustained.'

"These propositions are fully sustained by authorities, state the correct rule of practice, and cannot be departed from by the court."

The rules so stated and restated, when applicable, have not been departed from but have been affirmed and applied by this court in its more recent decisions, among which we cite *Swift v. Mulkey,* 17 Or. 532 (21 P. 871); *Jensen v. Foss,* 24 Or. 158 (33 P. 535); *McAlister*

*v. Long,* 33 Or. 368 (54 P. 194) ; *Hurst v. Hill,* 96 Or. 311 (188 P. 973) ; *Brosnan v. Boggs,* 101 Or. 472 (198 P. 890) ; *Thomas v. Smith-Wagoner Co.,* 114 Or. 69 (234 P. 814).

■ The first of the two clauses stating the exception taken does not relate to the refusal of the court to give the requested instructions but only to the refusal of the court to give them in the form in which they were tendered. The language used in stating the exception implies that the instructions requested were given. In fact, the record shows that these instructions were actually given but in the court's own language and that the law was so accurately stated by the court that no objection or exception, other than that stated above, was made to any part thereof. This brings the case within the rule announced in *McGilchrist v. Portland E. & E. Ry. Co.,* 79 Or. 91, 98 (154 P. 419), where the court said:

"* * * When a court clearly announces a rule of law as a guide to the jury to enable them, from a consideration of the facts relating to a branch of the case, to determine an issue, it is unnecessary to give a requested instruction, though it may not contain the exact language of a part of the general charge."

■ The second clause of the exception wherein defendants "except to the modification of such instructions as Your Honor gave which were substantially the instructions requested by the defendant" comes within the rule that "an exception to such portions of a charge as are variant from the requests made by the party, not pointing out the variance, cannot be sustained." The exception fails to point out the variance if there was any and, therefore, under the rule is insufficient. There was no other exception taken by defendants to any other ruling made by the court during the entire

trial. Hence, the judgment appealed from must be affirmed, and no further consideration of the case would be required but for matters which will now be stated.

■ In the argument at bar, counsel for plaintiff moved the court to assess damages against the defendants under section 7-514, Oregon Code 1930, upon the ground that there was no probable cause for appeal and that it was taken for the purpose of delay. That section provides:

"Whenever a judgment or decree is affirmed on appeal, and the same be for recovery of money or personal property, or the value thereof, the judgment or decree shall be given for ten per cent on the amount thereof, for damages for the delay, unless it appear evident to the appellate court that there was probable cause for taking the appeal."

The purpose of that enactment was to prevent the taking of an appeal where there was no probable cause therefor and to impose a penalty where the purpose of the appeal was for delay. The facts showing that such was the purpose in the instant case we think clearly appear from the record.

For these reasons, in affirming this judgment, plaintiff will be allowed as damages an additional amount of ten per cent of the amount of the judgment appealed from: *Loveland v. Plant*, 132 Or. 619 (287 P. 219); *Manary v. Runyon*, 43 Or. 495, 501 (73 P. 1028).

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.

---

Opinion modified on petition for rehearing August 1, 1932

ON PETITION FOR REHEARING

RAND, J. On petition for rehearing defendants respectfully petition the court to reconsider the former

order directing the defendants to pay an additional ten per cent of the amount of the judgment on the ground that the appeal was not prosecuted in good faith. We have done so and are now convinced that the imposition of this additional amount should not have been exacted in this case. Our decision, therefore, will be modified accordingly.

We have examined the other matters referred to in the petition and find that they were fully examined into and considered in our former opinion and were correctly decided.

Except as herein modified the former opinion will be adhered to.