498 P.2d 753 (1972)
Wallace A. STIRLING and Charlotte H. Stirling, Respondents,
v.
DARI-DELITE, INC., a Corporation, Appellant.
Supreme Court of Oregon, In Banc.
June 22, 1972.
*754 Kobin & Meyer and Leo Levenson and Charles L. Kobin, Portland, for United Pac. Ins. Co. for the motion.
Gildea, Speer, & McGavic, P.C., and Howard E. Speer, Eugene, contra.
On Appellant's Motion to recall Mandate
TONGUE, Justice.
Following the supplemental decision, 494 P.2d 252, in this case that under the terms *755 of ORS 19.160 plaintiffs are entitled to the award of an additional amount of 10 per cent of the amount of the original judgment as "damages for the delay" resulting from this appeal, a mandate was issued directing entry of such a judgment not only against the defendant, but also against its surety, United Pacific Insurance Company. The mandate was issued under the terms of ORS 19.190(2), which provides:
"If judgment is given against the appellant, it shall be entered against his sureties also, in like manner and with like effect, according to the nature and extent of their undertaking."
United Pacific Insurance Company, as the surety, has filed a motion to recall the mandate and to strike from it the provision authorizing a judgment against it for the 10 per cent award.
In support of that motion United Pacific first calls attention to the fact that the undertaking on appeal in this case was in the form of a cost bond under ORS 19.040(1) (a), rather than a supersedeas bond under other provisions of ORS 19.040. Thus, it is contended that ORS 19.160 does not authorize an award of such a judgment because under a cost bond plaintiffs were not delayed from attempting to execute under that judgment pending the appeal, as might have been the result of a supersedeas bond, under which plaintiffs would have been delayed from attempting to collect the judgment pending the appeal. As a second contention, it is urged that, in any event, an award of 10 per cent of the original judgment as "damages for the delay" resulting from the appeal is a "penalty" and, as such, cannot be properly assessed against a surety, even if properly assessed against the defendant as its principal.
We do not agree with the contention that the term "damages for the delay" in appeals taken without probable cause, as used in ORS 19.160, must be limited to appeals in which a supersedeas bond has been filed. ORS 19.160, by its express terms, provides for an award of 10 per cent of the original judgment as "damages for the delay" whenever a judgment for money is affirmed in an appeal taken without probable cause, without regard to whether a cost bond or a supersedeas bond has been filed.[1] ORS 19.040 provides that a condition of both a cost bond and a supersedeas bond is that the surety "will pay all damages."
We have also previously held that the purpose of ORS 19.160 was to impose a penalty to discourage frivolous appeals taken without probable cause for the purpose of delay, as in this case.[2] In addition, and regardless of whether in such an appeal a cost bond has been filed, rather than a supersedeas bond, so as to permit the plaintiff to levy execution under the judgment, pending the appeal, he must nevertheless incur further attorney fees and other expenses and inconveniences during the pendency of the appeal, which may extend for many months.
In any event, the legislature, in providing for the imposition of such a penalty, as "damages for delay" on appeals from money judgments taken without probable cause made no distinction dependent upon the nature of the bond filed in such an appeal. It also follows, in our opinion, that the term "damages for delay," as used in ORS 19.160, was not intended to be limited to interest on a money judgment or other measurable damages resulting from the delay of an appeal.
For these reasons, we hold that when, under ORS 19.160, an award of 10 per cent of the amount of the original judgment is directed by this court because of a frivolous appeal, such an award is *756 proper regardless of whether, in the course of such an appeal, the defendant has filed a cost bond or a supersedeas bond.
In so holding we recognize that some courts in other jurisdictions have held, under somewhat similar statutes, that the term "damages," as used in such statutes, is not a "penalty," but means actual damage,[3] and that in the absence of a supersedeas bond there can be no actual damage from the filing of a frivolous appeal by a defendant because, in the absence of a supersedeas bond, the plaintiff may levy execution under the judgment despite the pendency of an appeal under a so-called "cost bond."[4]
For reasons previously stated, however, we regard such reasoning to be inconsistent with both the express terms of ORS 19.160 and 19.040, as well as with what we have previously held to be the purpose of ORS 19.160. We thus decline to follow such cases.
As for the liability of the surety in such cases, it is generally held under statutes similar to ORS 19.160 that regardless of whether "damages for the delay" in frivolous appeals is regarded as a "penalty" or as intended to refer to actual damages in the usual sense, upon the assessment of such "damages" judgment may be entered in that amount against both the defendant and his surety, at least where, as in this case, the surety is a compensated surety.[5]
In our judgment, this same result follows under Oregon statutes. This is so because, by the terms of either a cost bond or a supersedeas bond, and as required by ORS 19.040, the surety agrees to pay "all damages, costs and disbursements which may be awarded against him [the defendant] on the appeal" and because ORS 19.160 provides that in an appeal taken without probable cause in which there has been a judgment for the recovery of money, judgment "* * * shall be given for 10 percent of the amount thereof, for damages for the delay * * *." ORS 19.040 and 19.160 both originated in Deady's General Laws of Oregon, §§ 528 and 537, and there both use the term "damages." This indicates that the term "damages" was intended to mean the same in both sections.
Because the additional award is for damages, which the surety has expressly obligated itself to pay, the additional 10 per cent is payable by the surety. Thus, regardless of whether "damages for delay" may be considered for other purposes to be a "penalty," we think that this legislative disposition is controlling on the question of the liability of the surety for "damages for the delay" in frivolous appeals.
Therefore, because the surety agreed to pay such "damages" it cannot now contend that its constitutional right to due process of law has been violated on the ground that it had no previous notice that ORS 19.160 might be construed to include such "damages."[6] The fact that the assessment of such additional "damages" for frivolous appeals has been extremely *757 are also provides no basis for reaching any other conclusion. Indeed, because the assessment of such additional "damages" for frivolous appeals has been so rare, it follows, in our judgment, that sureties will not be unreasonably burdened by holding that these statutes must be interpreted in accordance with what we consider to be their plain language.
Western Bank v. Morrill, 246 Or. 88, 95, 424 P.2d 243 (1967), cited by petitioner, does not hold to the contrary. In that case we held that a cost bond, not a supersedeas, in the particular context of that proceeding, stayed the proceedings and prevented the respondent from collecting the judgment. For this reason the respondent suffered damages, which was interest on the uncollected judgment. The court held the interest was damages and, therefore, collectible against the surety on the cost bond. The inference of the decision is that if the filing of the bond does not prevent the respondent from collecting its judgment, the respondent cannot collect interest; the respondent will not be damaged. However, pursuant to ORS 19.160, we have awarded damages, other than interest, and as damages, such sum is recoverable against the surety.
There are also good practical reasons for such a result because unless sureties, as well as their principals, are covered by the terms of ORS 19.160, as well as ORS 19.040, that statute would otherwise be ineffective and meaningless in frivolous appeals by insolvent, or nearly insolvent, defendants. Yet it is in these very cases that the need for such an effective remedy is the greatest.
As stated by this court in Portland Trust Co. v. Havely, 36 Or. 234, 245, 59 P. 466, 61 P. 346, 347 (1899), in referring to another but related statute:
"* * * The undoubted purpose of the statute is to require the party appealing to amply secure the opposing litigant against costs or damages in case the appeal proves unsuccessful, and thus to prevent the instrumentalities of the law from being utilized for oppression, rather than for the purposes of justice. * * *"
For all of these reasons, the motion of defendant's surety, United Pacific Insurance Company, to recall the mandate in this case is denied.
McALLISTER, J., dissenting.
NOTES
[1] ORS 19.160 provides:

"Whenever a judgment or decree is affirmed on appeal, and it is for recovery of money, or personal property or the value thereof, the judgment or decree shall be given for 10 percent of the amount thereof, for damages for the delay, unless it appears evident to the appellate court that there was probable cause for taking the appeal."
[2] Erb v. Shope, 140 Or. 253, 256, 12 P.2d 308 (1932). See also Haas v. Bates, 150 Or. 592, 597, 47 P.2d 243 (1935).
[3] See Sellers v. City of Jackson, 221 Miss. 150, 75 So.2d 265 (1954). See also Riley v. Mitchell, 38 Minn. 9, 35 N.W. 472 (1887); Kmetz v. DeRonde, 231 N.Y. 255, 131 N.E. 907 (1921): and Cohen v. Corbett et al., 107 Kan. 690, 193 P. 336 (1920), holding that "damages" includes "costs."
[4] Phoenix Ins. Co. v. McKernan, 104 Ky. 224, 46 S.W. 698 (1898).
[5] Sellers v. City of Jackson, 221 Miss. 150, 75 So.2d 265 (1954); City of Troy v. McLendon, 279 Ala. 553, 188 So.2d 281 (1966). See also Hathaway v. Davis, 33 Cal. 161, at 168-169 (1867). The same is true in Kentucky, by court rule (Rules of Civ.Proc. 73.08).

In Meierhoffer v. Kennedy, 304 Mo. 261, 263 S.W. 416 (1924), cited by United Pacific as holding to the contrary, the court declined to assess a 10 per cent penalty under the statute against either the defendant or surety, while recognizing that the surety would be liable if the penalty were assessed.
[6] Although not directly in point, see Holbrook v. Investment Co., 32 Or. 104, 106, 51 P. 451 (1897). Kern et al. v. Gentner et al., 176 Or. 479, 159 P.2d 190 (1945), cited by petitioner is not to the contrary as we read that case.