On respondents Neil G. Wesley and Sharon Durlin's petition for damages filed April 30, petition allowed September 17, reconsideration denied October 18, petition for review denied October 30, 1979 (288 Or 1)

WESLEY et al,
*Respondents,*

*v.*

WOODS et ux, *Respondents,*
*and*
SOLTIS,
*Appellant.*

(No. 77-2530-L-2, CA 11724)

600 P2d 421

William P. Haberlach, Medford, for petition.

Ed Soltis, Medford, appeared pro se contra.

SCHWAB, C. J.

**SCHWAB, C. J.**

We affirmed the trial court in this matter without opinion on April 23, 1979. *Wesley v. Woods,* 36 Or App 608, 594 P2d 440 (1979). The plaintiffs-respondents have filed a motion for the award of damages on appeal under ORS 19.160, which provides:

"Whenever a judgment or decree is affirmed on appeal, and it is for recovery of money, or personal property or the value thereof, the judgment or decree shall be given for 10 percent of the amount thereof, for damages for the delay, unless it appears evident to the appellate court that there was probable cause for taking the appeal."

The appellant's assignments of error raised no point worth discussing on the merits of the appeal. We now consider those assignments in connection with the motion for the award of damages under ORS 19.160.

This is an action at law against the Woods as sellers and Soltis as real estate agent for the recovery of money damages sustained by reason of the defendants' alleged fraudulent misrepresentations and reckless disregard of the actual status of septic approval on the property conveyed by the Woods to the plaintiffs. The Woods filed a cross-claim against Soltis, alleging misrepresentation and breach of fiduciary duty. They prayed for judgment against Soltis in the nature of indemnity, punitive damages, fees and costs.

The jury returned a verdict finding Soltis liable for general and punitive damages, and returned no judgment against the defendants Woods, thus in effect exonerating them. The resulting judgment against Soltis was in the amount of $15,397.10. Soltis appealed.

The Woods listed their property for sale with Ed Soltis Real Estate. The listing agreement, prepared by Soltis, stated the property had septic approval. The Woods told Soltis that was incorrect and that, in fact, the county had denied their prior application for septic

[87]

approval.[1] The Woods gave Soltis a copy of a county report denying septic approval. Soltis admitted receiving a copy of that county report from the Woods. Soltis told the Woods he would correct the listing agreement.

Nonetheless, Soltis advertised the property as having septic approval. Plaintiffs responded to the advertisement. Soltis assured them the property had septic approval. In reliance on that assurance, plaintiffs bought the property.

Soltis never gave or showed or told the buyers of the county's septic denial report—even though he had a copy in his possession, had reproduced copies of it at his own office and had it in front of him while discussing the sale with the buyers.

Plaintiffs first discovered that things were not as they had been led to believe after the sale was consummated when county officials informed them that no permit existed.

Appellant Soltis, representing himself on this appeal, raised seven assignments of error. None of the assignments sets out "verbatim the pertinent portions of the record," as required by Rule 7.19 of the Rules of Appellate Procedure. *See Castor v. Erlandson,* 277 Or 147, 560 P2d 267 (1977); *State v. Cooney,* 36 Or App 217, 584 P2d 329 (1978).

■ The first two assignments assert that there was insufficient evidence to support the jury verdict. Based on the above summary, we find to the contrary.

■ ■ The third assignment of error is that the court erred in allowing the question of punitive damages to go to the jury. Soltis never objected to or moved to strike the allegation of punitive damages and never objected to the presentation of evidence on the subject. Further, the record contains evidence justifying the award of punitive damages.

---

[1] The record refers to "septic approval" and "septic tank approval" interchangeably.

The fourth assignment of error is that the court erred in allowing the trial to proceed without a key witness who, according to Soltis, would have disproven the testimony of Mr. Woods. This issue was also not raised in any manner before the trial court. This court sits to correct *actions* of trial courts that violate some rule of law; we do not sit to correct what a party who lost at the trial level regards as an injustice.

The fifth assignment of error is that the trial court erred in allowing Soltis to testify against himself and allowing his wife to testify against him. This allegation relates to testimony by Soltis and his wife of his assets approximately one year prior to the trial, but after the complaint in this action was filed, at which time Soltis had transferred his assets to his wife. Soltis cites only the Fifth Amendment to the United States Constitution in support of this assignment. That amendment does not apply in civil proceedings.

The sixth assignment of error is that the trial court erred in not allowing Soltis to be represented by counsel of his own choice. The "counsel" of his choice was a layman and not a member of the Oregon State Bar. There is no right to have the assistance of lay "counsel" in an Oregon circuit court. *Oregon State Bar v. Wright,* 280 Or 693, 573 P2d 283 (1977).

The seventh assignment of error is that the trial court "erred in allowing what appears to be a deliberate gross misrepresentation of facts for the purpose of coercing the jury in its decision." We find this claim incomprehensible.

The question is now the award of damages under ORS 19.160. The last case that awarded such damages was *Stirling v. Dari-Delite, Inc.,* 262 Or 359, 364, 491 P2d 1168, 494 P2d 252, 498 P2d 753 (1972). The court there said:

> "In past years this court has been reluctant to invoke the provisions of this statute. In this case, however, it is not only clear that there was no probable cause for the appeal by defendant, but that

the appeal was part of a long-continued and calculated scheme by defendant to prevent the enforcement of a valid obligation for which defendant had no proper defense.

"Therefore, and because of the extreme and aggravated facts of this case, we hold that under the terms of ORS 19.160 plaintiffs are entitled to the entry of judgment for the additional amount of 10 percent * * *." 262 Or at 365-66.[2]

■ An award of damages under ORS 19.160 is not favored, *Stirling v. Dari-Delite, Inc., supra; Haas v. Bates,* 150 Or 592, 47 P2d 243 (1935), but ORS 19.160 "should not be allowed to fall into disuse * * *." *Baker v. Brookmead Dairy, Inc. et al,* 230 Or 384, 388, 370 P2d 235 (1962). In an era of an ever-increasing number of appeals in proportion to the number of trials, we especially believe that this statute should not be allowed to fall into disuse.

■ Regarding the present appeal, the motion for damages under ORS 19.160 is supported by an affidavit of counsel for the plaintiffs highlighting the record as summarized above. From the record, briefs and that

[2] From earlier cases certain other principles emerge. Where the only apparent purpose for taking the appeal is to delay the requirement that the appellant pay money to the party that prevailed in the trial court, damages under ORS 19.160 will be awarded. *Harlow v. Chenoweth,* 158 Or 343, 75 P2d 937 (1938); *Erb v. Shope,* 140 Or 253, 12 P2d 308 (1932); *Loveland v. Plant,* 132 Or 619, 287 P 219 (1930); *Hawkins v. Jones et al.,* 21 Or 502, 28 P 548 (1892). Where an appeal presents questions not easily resolved, or even where there is "but slight merit" to the appeal, damages under ORS 19.160 are inappropriate. *Hobson et ux. v. Beall,* 130 Or 240, 279 P 645 (1929); *Livesley v. Krebs Hop Company,* 57 Or 352, 368, 97 P 718, 107 P 460, 112 P 1 (1910).

There must be clear and convincing evidence that the appeal is frivolous and taken for the purpose of delay. *Morrison v. Hall,* 55 Or 243, 104 P 963 (1909); *Manary v. Runyon,* 43 Or 495, 502, 73 P 1028 (1903); *Hawkins v. Jones, supra; Coffin v. Hanner, Jennings & Co.,* 1 Or 236 (1857). Such evidence may appear not only from the record but from affidavits of counsel submitted to the appellate court with the motion for award of damages under ORS 19.160. *Osborn v. Newberg Orchard Assoc.,* 36 Or 444, 59 P 711, 60 P 994 (1900); *Lester v. Elwert,* 25 Or 102, 35 P 29 (1893). Whether in light of *Stirling v. Dari-Delite, Inc.,* 262 Or 359, 364, 491 P2d 1168, 494 P2d 252, 498 P2d 753 (1972), all these cases are still controlling, we need not here decide.

affidavit we conclude that this appeal was frivolous and without probable cause and was taken for the purpose of delay. This case peculiarly supports the award of damages under ORS 19.160. Therefore, our mandate will provide that the additional sum of 10 percent of the judgment, which is $1,539.71, will be assessed against the appellant Soltis, and his wife, as surety on his appeal bond, as damages under ORS 19.160. *See Stirling v. Dari-Delite, Inc., supra,* 262 Or at 368-74.

Motion allowed.