Argued 22 January, decided 12 March, 1907.

## MORSE *v.* ODELL.

89 Pac. 139.

PUBLIC LANDS—SELECTION OF INDEMNITY SCHOOL LANDS—CONTRACT.

1. When the selection by a state of indemnity school lands has been approved and certified, the title thereto vests in the state if the general government is the owner of the premises, and the approval exhausts the bases offered in exchange, and hence the furnishing of a list of such lands is no defense in an action to recover money paid defendant to furnish a list of school lands, which, because of their mineral character, would entitle the state to select others in lieu thereof.

APPEAL—HARMLESS ERROR—PLEADING—STRIKING OUT.

2. Where a defective defense which should have been attacked by demurrer is struck out on motion and no injury results, the error is not prejudicial.

IMPROPERLY SUSTAINING DEMURRER—WHEN HARMLESS.

3. Where a demurrer to a defense is erroneously sustained, but the evidence which would have been admitted to sustain the defense is admitted in connection with another issue, the error is harmless.

PLEADINGS AND PROOFS—RELEVANCY OF TESTIMONY.

4. In an action to recover money paid on a contract where plaintiff alleges that defendant agreed to repay the money received in case of nonperformance on his part, and this allegation is denied in the answer, evidence that after the contract was executed defendant promised to repay the money is admissible.

WITNESSES—SCOPE OF CROSS-EXAMINATION.

5. There is no error in refusing to allow a witness to be cross-examined as to a matter to which his direct examination does not relate.

BREACH OF CONTRACT—DUTY OF OFFERING TO PERFORM.

6. In an action to recover money paid on a contract with defendant to furnish a list of school lands, which, because of their mineral character, would entitle the state to other lands in lieu thereof, plaintiff having alleged a failure to furnish a valid list of lands and defendant having alleged that, if the list furnished proved invalid, he was to substitute

other lands, which allegation plaintiff denied, the burden of proving this
feature of the contract is on defendant, and it is his duty to' offer to
perform, and not that of plaintiff to demand, it.

Public Lands—Conclusiveness of Ruling of Land Department.

7. Although ordinarily the doctrine of *res judicata* applies to the final
decisions of the Land Department of the United States. it will not apply
where the proceedings are irregular, and in such cases the Commissioner
of the General Land Office may review a decision of a predecessor.

Public Lands—Competency of Evidence as to Proceedings on Be-
half of the State in the General Land Office.

8. An agent of the state whose duty it is to attend to matters relating
to selection of lands in lieu of mineral school lands is competent to prove
that no further evidence was offered in, and no appeal taken from, de-
cisions of the General Land Office, relating to such selections, and his
evidence is admissible in an action to recover money paid to one who
agreed to furnish a valid list of such lands, but whose list was rejected
by the General Land Office.

From Marion: George H. Burnett, Judge.

Statement by Mr. Justice Moore.

This is an action by W. B. Morse against W. H. Odell to re-
cover money. The complaint states, in effect: That the de-
fendant represented to the plaintiff that he could furnish infor-
mation as to certain school lands containing mineral, which
tracts could be used by the State of Oregon as bases for the
selection of other parcels of equal area in lieu thereof; that
such choice, when exercised, would be approved by the Commis-
sioner of the General Land Office, thereby vesting the title to
the indemnity lands in the state, from which they could be ob-
tained by purchase, and that, if the base which the defendant
could supply was not good and upon which valid indemnity se-
lections could be made, he would repay plaintiff any sum of
money that might be given him on account thereof; that about
March 12, 1900, the defendant received from plaintiff $640,
pursuant to an agreement, to supply him with 640 acres of
valid base, and thereupon furnished him a description of the fol-
lowing lands: The N. E. ¼ of section 36, in township 12 S., of
range 39 E. of the Willamette Meridian, the E. ½ of section
16 in township 8 S., of range 35½ E., and the S. E. ¼ of section
36, in township 8 S., of range 34 E.; that in lieu thereof the
State of Oregon selected, as indemnity school lands, the follow-

ing premises: The S. W. ¼ of section 18, in township 4 N., of range 3 W., the W. ½ of section 19, and the S. E. ¼ of section 18, in the township and range last mentioned, which lands were to be conveyed by the state, at plaintiff's request, to Ethel C. Morse, M. M. Cusick and W. A. Cusick, respectively; that application was made by the state for the real property so selected, but the choice was rejected by the Interior Department of the United States, on the ground that the base furnished was invalid because of the failure of the state to prove the mineral character thereof, and that neither the plaintiff nor any of the persons named, to whom the indemnity lands were to have been conveyed, ever obtained a title to any part thereof, whereby the plaintiff became entitled to a repayment of the sum of money stated and interest thereon.

The answer denied the material allegations of the complaint, and for a first separate defense averred, in substance, that in consideration of the sum of money stated, which is admitted to have been paid, the defendant agreed to furnish the plaintiff with what he believed to be valid base, but, in case it should fail or be invalid, he would endeavor to substitute other sufficient base therefor; that the defendant furnished as base a description of the real property specified as such in the complaint, which he then believed to be good and valid mineral base, in lieu of which the State of Oregon might select indemnity school lands; and that the base so furnished was good and valid. For a second defense it is substantially stated that application was made by the state for the indemnity lands described in the complaint in lieu of the base furnished, and on February 20, 1904, while the petition was pending before the Department of the Interior, the Governor of Oregon, at plaintiff's request, withdrew the indemnity selection and waived the claim of the state to the lands so chosen, which was done to enable the plaintiff to secure the title thereto directly from the general government, thereby preventing a favorable decision by the Department of the Interior. For a third defense it is averred, generally, that about April 12, 1897, the lands so furnished as base were on the appli-

cation of the State of Oregon to select indemnity lands duly ad-
judged by the Commissioner of the General Land Office to be
mineral base, and, no appeal having been taken from the de-
cision, it became final; that no part of the base so determined
to have been valid had been used as such, nor had any selection
of indemnity lands been made in lieu thereof prior to the time
when the defendant gave to the plaintiff the description of the
real property mentioned.  A motion to strike out the third de-
fense having been allowed, on the ground that it was redundant,
and a demurrer to the second sustained, for the reason that the
facts stated therein did not constitute a defense, the remaining
allegations of new matter in the answer were put in issue by
the reply, and, a trial being had, judgment was rendered against
the defendant as demanded in the complaint, and he appeals.
The case was submitted on briefs under the proviso of Rule 16:
35 Or. 587, 600.                              AFFIRMED.

For appellant there was a brief over the names of *John Wil-
kins Reynolds* and *Mr. Alva O. Condit.*

For respondent there was a brief over the name of *Carson,
Adams & Cannon.*

MR. JUSTICE MOORE delivered the opinion of the court.

It is contended that errors were committed in striking out
the third defense and in sustaining a demurrer to the second.
The defendant's counsel argue that the third defense was in
the nature of a plea of former adjudication by the tribunal hav-
ing jurisdiction thereof, and that the statement of facts in the
second defense was sufficient.to defeat the action, for the reason
that the breach of the contract assigned in the complaint was
superinduced by the plaintiff's voluntary act.  We will first con-
sider the third defense.

1. A rule of the General Land Office of the United States,
in force when the alleged adjudication of the mineral character
of the base was rendered, required that all applications for the
selection of indemnity school lands should be so presented that
the tract chosen might be connected with a specific part of the

public domain as the basis of the selection: Circular of July 23, 1885, 4 Land Dec. Dep. Int. 79. When the selection of indemnity school lands has been approved and certified, the title thereto vests in the state, if the general government is the owner of the premises (*Tenner* v. *O'Neill*, 15 Land Dec. Dep. Int. 559), and as a corollary from this legal principle it must necessarily follow that the base offered in exchange by the selection is exhausted by the approval. As the alleged adjudication of the validity .of the base specified is equivalent to a statement of the approval of an indemnity selection in lieu thereof, the real property lost to the state in, section 16 or 36, by reason of its mineral character, could not again be used for that purpose, and, this being so, that part of the answer stricken out did not state facts sufficient to constitute a defense to the action if the United States was the owner in fee of the indemnity school land chosen. The averment to which the motion was directed does not negative such ownership.

2. The defect in the pleading, however, should have been attacked by demurrer, but, as no injury could have resulted from the course pursued, the error, if any, was not prejudicial.

3. The second defense averred that, while the selection of indemnity school lands was pending before the proper tribunal, the Governor of Oregon, at plaintiff's request, withdrew such choice and waived the state's right thereto, thus preventing a favorable decision on the application. If the defendant was prevented from making as complete a defense as he might have otherwise done, if the demurrer had not been sustained, the judgment should be reversed. Evidence of the request for a relinquishment of the right of the state to the indemnity school lands was received on the assumption that the issue as to the validity of the base made it material, and, this being so, we do not think any prejudice resulted from the mode of trial adopted.

4. It is contended that error was committed in permitting testimony to be introduced, over objection and exception, tending to show that after the contract relied upon was executed the defendant made distinct promises to repay plaintiff the money

which he had received. It was alleged in the complaint that the defendant agreed to repay the money in case the base which he furnished should prove invalid; and, this averment having been denied in the answer, the testimony so objected to was pertinent as tending to establish the terms of the contract relied upon for a recovery: *Manary* v. *Runyon,* 43 Or. 495 (73 Pac. 1028).

5. The plaintiff as a witness in his own behalf was asked on cross-examination if the contract sued upon was not made with the State of Oregon to enable him illegally to obtain from it the land selected as indemnity; but, an objection to the inquiry having been sustained and an exception allowed, it is insisted that an error was thereby committed. The statute limits the quantity of land that can be purchased from the state by any person, and requires him to make affidavit as to certain facts respecting his qualification as a condition precedent to the right to secure a title to such lands: B. & C. Comp. § 3302. The transcript shows that the persons to whom the state was to convey the lands selected were related by marriage to the plaintiff, but we do not think it can be inferred from an examination of his testimony, which has been sent up, that he had entered into a contract with them to violate the law, and, unless such deduction reasonably follows from the direct examination of the witness, no error is committed in refusing to permit him to be cross-examined on the subject: *Pacific Livestock Co.* v. *Gentry,* 38 Or. 275 (61 Pac. 422, 65 Pac. 597).

It is maintained that error was committed in refusing to permit the defendant's counsel to cross-examine the plaintiff and his father-in-law, Dr. W. A. Cusick, as to the interest of either in the cause of action, or to the money sought to be recovered herein. As no testimony was given by these witnesses on that subject in their direct examination and no issue made in relation thereto, no error was committed as alleged.

6. It is claimed that the court erred in refusing to allow the defendant to testify as to whether or not the plaintiff had ever requested him to supply other base than that which he furnished. The answer alleged that, if the base which was supplied should

fail or be invalid, the defendant would try to substitute other base therefor, which averment was denied in the reply. The burden of proving the defendant's theory in this respect was therefore imposed upon him, and it became his duty to make such endeavor, and it was not incumbent upon the plaintiff to demand other base when that which he procured failed.

7. It is insisted that an error was committed in denying a motion for a judgment of nonsuit. The transcript shows that the State of Oregon, on March 10, 1900, filed in the local land office at Oregon City, list No. 380, whereby it selected certain indemnity school lands in lieu of the premises used as bases therefor, a description of which is set out in the complaint. Pursuant to a stipulation of the parties, there were offered in evidence copies of letters written by the Commissioner of the General Land Office at Washington, D. C., or by his assistant, to the local land officers in Oregon, relating to the lands referred to herein as base, and copies of notices given in obedience to directions contained in such letters, addressed to agents of the State of Oregon having charge of its lands. These letters relate to the rejection of indemnity selections of school lands in consequence of the failure of the state to prove that the premises alleged as mineral were of that character. The letters referred to specified the time, usually 60 days after notice thereof, in which to supply such evidence, or to appeal from the order, in default of which the selection, which had been suspended, would be canceled without further notice. The premises so rejected for the reason stated, the lists in which the lands were included, and the time of giving the notices to the agents of the state are as follows: The N. ½ of the N. E. ¼, the S. ½, and a deficit of 14.55 acres in the N. W. ¼ of section 36, in township 12 S., of range 39 E. of the Willamette Meridian, list No. 287; November 15, 1897. A deficit in the S. E. ¼ of section 36, in township 8 S., of range 34 E., list No. 114; November 6, 1895. A deficit in section 16, in township 8 S., of range 35½ E., list No. 99; December 13, 1897. The E. ½ of section 16, in township 8 S., of range 35½ E., list No. 280, the schedule involved herein; Oc-

tober 17, 1902. And the N. E. ¼ of section 36, in township 12 S., of range 39 E., list No. 380; February 9, 1904. The rejection last noted states that the premises therein described had been adjudged mineral April 12, 1897.

The decision thus set aside is evidenced by a copy of a letter from the Commissioner of the General Office, of the date last mentioned, addressed to the register and receiver of the local office at La Grande, which states that their conclusion on the application of the State of Oregon to prove that certain lands in school sections were mineral, whereby they determined that all of section 36, in township 12 S., of range 39 E., was of that character, was affirmed. This letter does not refer to any list of lands that had been selected by the state as indemnity under a separate and distinct number, nor was the land so described therein that the tract selected might be connected with a specific subdivision of a section as the basis of selection as required by circulars issued by the Secretary of the Interior: 4 Land Dec. Dep. Int. 79; 24 Land Dec. Dep. Int. 548. Though the rule *res judicata* is applicable to final decisions rendered by the Land Department of the United States when called in question by the same parties upon a subsequent application for the identical public land pursuant to the law theretofore invoked (*Southern Pac. R. Co.* v. *Burlingame,* 5 Land Dec. Dep. Int. 415; *Blodgett* v. *Central Pac. R. Co.* 6 Land Dec. Dep. Int. 309), irregularity of proceeding warrants the Commissioner of the General Land Office in reviewing the decision of his predecessor: *Graham* v. *Hastings, etc., Ry. Co.* 1 Land Dec. Dep. Int. 362.

8. The decision of April 12, 1897, which was relied upon in the third defense, having been set aside by a successor in office June 13, 1903, in rejecting a part of indemnity selection No. 380, it must be taken for granted that the prior adjudication was considered irregular probably on the ground of a failure to comply with the rules prescribed by the Secretary of the Interior as hereinbefore indicated. When the indemnity school selection involved herein and evidenced by list No. 380 was filed, it had been determined by the proper tribunal, as to all the land

specified in that schedule as mineral, that the state had failed to prove such character of the premises, except as to the N. E. ¼ of section 36, in township 12 S., of range 34 E., and as to the land last mentioned the same conclusion was reached June 13, 1903, in setting aside a former adjudication in relation thereto, but no notice of the suspension or of the right to appeal from the order was given the agent of the state until February 9, 1904, and prior to the expiration of the time limited the Governor relinquished the state's claim thereto. The plaintiff's money was paid to the defendant in consideration of securing a title from the State of Oregon for the indemnity school lands selected, as described in list No. 380, to obtain which the base mentioned, as an equivalent therefor, must have been valid, and, as the contract was entire, a failure of any part of the base was such a breach of the conditions of the agreement as to warrant a relinquishment of the state's right to the only apparent valid base before the expiration of the 60 days allowed in which to offer further proof of its mineral character. No error was committed in denying the motion for a judgment of nonsuit.

The decisions adverted to permitted the State of Oregon to submit further evidence of the mineral character of such lands within a stated time, or to appeal from the orders; but, failing to do either, the adjudications would become final. Oswald West, an agent of the state, whose duty it was to supervise these matters, having been called as plaintiff's witness, was permitted, over objection and exception, to testify that no further evidence had been offered as required, nor had any appeal been taken. As this agent was competent and his testimony material, no error was committed in admitting it.

Other alleged errors are assigned; but, deeming them immaterial, the judgment is affirmed.                    Affirmed.