[Filed March 29, 1892.]

## LOUIS SALOMON *v.* JOHN M. CRESS ET AL.

PRACTICE—NONSUIT—EVIDENCE.—In considering a motion for nonsuit, the court will not examine the weight of the evidence offered by the plaintiff; but if there be any evidence which the jury might believe, and upon which a verdict might be based, the motion will be denied.

JURY TRIAL—INSTRUCTIONS—EXCEPTIONS.—(*a*) A general exception to a charge as a whole cannot be sustained when any part thereof is sound; (*b*) to maintain an exception to a refusal to charge an entire series of propositions, each one of them must be sound; and (*c*) an exception cannot be sustained to portions of a charge variant from requests made by a party unless the variance be pointed out.

INSTRUCTIONS—ASSUMPTIONS OF FACT.—An instruction which assumes any controverted allegation to be proven, is erroneous as invading the province of the jury.

Multnomah county: E. D. SHATTUCK, Judge.

Defendants appeal.    Affirmed.

XXII OR.—12.

This is an action originally commenced before a justice of the peace to recover one hundred and sixty-two dollars alleged to be due from the defendants to the plaintiff as commission for selling for defendants certain real property in the city of Portland. The answer denies the allegations of the complaint. In the justice's court the defendants had judgment for their costs, from which the plaintiff appealed to the circuit court. Upon a trial in the circuit court the plaintiff recovered a verdict and judgment for the full amount claimed, from which the defendants have appealed to this court. The facts sufficiently appear in the opinion.

*Killin, Starr & Thomas,* for Appellants.

*McGinn, Sears & Simon,* for Respondent.

STRAHAN, C. J.—At the conclusion of the plaintiff's evidence, the defendants moved for a nonsuit, on the ground that the plaintiff had failed to prove a case sufficient to be submitted to a jury. All of the evidence offered by the plaintiff is contained in the bill of exceptions, and this presents a question as to its sufficiency, which we are to determine on this appeal. In passing upon this question we only examine the record far enough to ascertain whether or not there was some evidence on each material issue. We do not assume to weigh such evidence or to determine its sufficiency, but only that there was some evidence before the jury upon which they might find a verdict if they believed the witnesses. We have carefully read all the evidence in the case at the time the motion for a nonsuit was submitted, and find it very full and explicit upon every issue. On this evidence the court below could not have done otherwise than overrule the motion for a nonsuit, and allow the case to go to the jury.

The only other exception in the case is to the ruling of the court in refusing to give the instructions asked on the part of the defendants, which instructions are as follows:

"1.   If the services of Salomon, whatever they be, failed to accomplish a sale, and afterwards Ellis was induced to reconsider his resolution by Colvin, and then made the purchase as the consequence of such secondary or supervening influence, notwithstanding the fact that Salomon first pointed out the property to him, and that he (Ellis) may never have looked at the property nor entertained a thought of buying it but for Salomon, Salomon is not entitled to recover, as his agency was not the immediate and efficient cause of the sale.   The law regards only proximate and not remote causes in a case of this kind, where two or more brokers have the same property for sale.

"2.   Where an owner of real estate employs two brokers to sell such real estate and then remains neutral between them, and where one of such brokers brings to him a purchaser, he may immediately convey the property to the purchaser, and pay the broker, without any inquiry as to whether the other broker may not have had something to do in effecting the sale.

"3.   Where two or more agents have the same property for sale, in the absence of collusion on the part of the vendor, the agent through whose instrumentality the sale is carried to completion, is entitled to the commission."

But the court refused to give said instructions, to which refusal by the court the defendants at the time duly excepted, which exception was allowed by the court. These instructions were not asked separately and the ruling of the court taken upon each, but they were asked as a whole, and upon the refusal of the court to give them, but a single exception was taken.   This state of the record brings the case clearly within *Murray* v. *Murray*, 6 Or. 17. In that case this court, per SHATTUCK, J., declared the rule relative to exceptions of this kind as follows:  "1. When any part of a charge given is sound, a general exception to the charge as a whole cannot be sustained;  2. To maintain an exception to a refusal to charge an entire series of

propositions, each one of the propositions must be sound; 3. An exception to such portions of a charge as are variant from the requests made by the party, not pointing out the variance, cannot be sustained."

These propositions are fully sustained by authorities, state the correct rule of practice, and cannot be departed from by the court. All the instructions in the series must be sound and applicable to the facts in evidence, or else the exception cannot be sustained. So far as I can discover from the evidence, Ellis, the purchaser, from the time Salomon first called his attention to this property, was anxious or at least willing to buy it. The only question in the negotiations was his ability to pay or secure the purchase money in a manner satisfactory to the defendants. There is nothing in the case, therefore, to justify the assumption in the first instruction that Ellis was induced to reconsider his resolution by Colvin, nor does it appear that Ellis made the purchase in consequence of such secondary or supervening influence. And I think that the words in the first instruction, "Salomon is not entitled to recover, as his agency was not the immediate and efficient cause of the sale," though in some manner connected with what goes before, are misleading. The jury could hardly understand that this statement was dependent on the antecedent part of the instruction. It was probably so intended by the writer of the instruction, but the connection seems too remote to make it a safe proposition to be given to a jury in that form. The words, "as his agency was not the immediate and efficient cause of the sale," sound more like a declaration that the court was asked to make on the very fact which the jury was to try. Besides, the statement in this charge, that "the law regards only proximate and not remote causes in a case of this kind, where two or more brokers have the same property for sale," is entirely too general in its terms, and leaves a wide field open for the jury to speculate on what are proximate and what are

remote causes in a case of this kind. And it may be observed that even the counsel or this court might find it a somewhat difficult thing to do, to define with accuracy just what are proximate and what are remote causes within the meaning of this instruction. We think this part of this instruction was misleading, unless it were accompanied by some definition of what would be proximate and what would be remote causes within the meaning of the instruction. From this instruction alone, how could the jury know?

The second instruction seems to assume as a fact, with which the jury had no concern, that the owner of this property had employed two brokers to sell the same. He may and probably did so, but if the fact is material, as it is assumed to be by this instruction, it was the province of the jury to find it from the evidence. Therefore, this instruction should have submitted the question hypothetically to the jury, and it should have been informed that if it found from the evidence that the owner of this real estate had employed two brokers to sell such real estate, etc. The instruction assumes the existence of the fact, and thus entirely excludes the deliberations of the jury from that question. There was some evidence on this subject before the jury. This it had a right to consider, but this instruction, had it been given, would have effectually taken that question from the jury. The view which we have taken of this case renders it unnecessary to consider the very interesting question of practice which was presented on the argument.

Let the judgment appealed from be affirmed.