[Argued June 17, 1893; decided June 26, 1893.]

## JENSEN v. FOSS.

[S. C. 33 Pac. Rep. 535.]

An assignment of error that covered the entire charge to the jury, without specifying any particular sentence or proposition on which appellant proposes to rely, is too indefinite, and presents no question for review in the supreme court. Code, ? 537; *Murray v. Murray*, 6 Or. 17, and *Swift v. Mulkey*, 17 Or. 532, cited and followed.

Multnomah County: E. D. SHATTUCK, Judge.

This was an action by A. E. L. Jensen against J. S. Foss and others for the conversion of certain personal property alleged to belong to the plaintiff. The action was dismissed as to the defendants S. Hannum and Penumbra Kelly, but the defendants Foss and Boscow denied the conversion, and alleged title in themselves. A jury trial was regularly had and a verdict rendered in favor of plaintiff for the sum of eight hundred dollars. Defendants moved for a new trial, and the court decided that the plaintiff should accept a judgment for six hundred dollars or a new trial would be ordered. The plaintiff accepted this amount and judgment was rendered therefor, from which judgment this appeal has been taken.

*John H. Hall*, for Appellants.

*Gilbert J. McGinn*, and *J. Frank Boothe* ( *Cecil Bauer* on the brief), for Respondent.

PER CURIAM.—The objection made is that the notice of appeal does not state the error upon which the defendants and appellants rely for a reversal of the judgment. The first error assigned is to the entire instruction of the court to the jury, and is too vague and general to notify the plaintiff of the particular issues to be tried on the appeal. This objection falls directly within the rule laid down in *Murray* v. *Murray*, 6 Or. 17, and *Swift* v. *Mulkey*, 17 Or. 532.

The judgment must be AFFIRMED.