Decided at PENDLETON, 13 August, 1898.

### McALISTER v. LONG.

[ 54 Pac. 194 ]

SUFFICIENCY OF EXCEPTIONS.—An exception in gross to a series of propositions, some of which are correct, is unavailing on appeal : *Langford* v. *Jones*, 18 Or. 307 ; *Salomon* v. *Cress*, 22 Or. 177 ; *Jensen* v. *Foss*, 24 Or. 158, and *Nickum* v. *Gaston*, 24 Or. 380, approved and followed.

From Grant : MORTON D. CLIFFORD, Judge.

Action by J. J. McAlister against John Long, who had judgment, whereupon plaintiff appealed.

AFFIRMED.

*Mr. Jas. A. Fee* for appellant.

*Mr. Chas. W. Parrish* for respondent.

Mr. Justice Bean delivered the opinion.

This is an appeal from a judgment in favor of the defendant in an action brought to recover damages for an injury to the plaintiff received by falling into an excavation made by the defendant along or near what is alleged to be a public highway, and which it is claimed was carelessly and negligently left without light or guard to protect the public from falling into it. The only alleged error is an instruction to the effect that before the jury could find for the plaintiff they must be satisfied that the road in question was used by the public as a highway for a period of twenty years prior to 1881, the time the excavation was made. But no sufficient exception was saved to the giving of this instruction to bring it before us for review. The bill of exceptions contains the entire charge of the court, appended to which is a statement that : " Counsel for plaintiff here excepts to that portion of the charge commencing with the charge in relation to the ' right of a party to dig any pit or excavation on his own land, provided he does not so dig within the limits of a road '; and from and after said portion down to that portion of the charge commencing with, that ' plaintiff is only entitled to exercise ordinary diligence '; and also that portion of the charge commencing, ' If you find from the evidence that, taking into consideration the darkness of the night that plaintiff was wandering,' down to and including that portion of the charge to the effect that ' notice to the defendant of any gap or defect in the fence should be proved '—which was all done prior to the jury retiring from the box." It is difficult, if not impossible,

to determine from this language whether the portion of the charge complained of is embraced within the exception ; but, if so, it is only one of a series of instructions containing separate and distinct propositions, some of which are admittedly sound, and the exception is therefore unavailing.    An exception to a charge must point out distinctly the particular portion to which it is directed, and an exception in gross to a series of propositions, as in this case, is ineffectual, if any one of them is correct.    This doctrine was early announced in this state by Mr. Justice SHATTUCK in *Murray* v. *Murray*, 6 Or. 17, has been repeatedly followed, and is a correct rule of practice :  8 Enc. Pl. & Prac. 259 ; *Langford* v. *Jones*, 18 Or. 307 (22 Pac. 1064); *Salomon* v. *Cress*, 22 Or. 177 (29 Pac. 439); *Jensen* v. *Foss*, 24 Or. 158 (33 Pac. 535); *Nickum* v. *Gaston*, 24 Or. 380 (33 Pac. 671, and 35 Pac. 31).    It follows that the judgment of the court below must be affirmed, and it is so ordered.

AFFIRMED.

Decided at PENDLETON, 13 August, 1898.