Argued June 5, reversed and remanded June 26, 1917.

# WHITE *v.* PORTLAND GAS & COKE CO.

(165 Pac. 1005.)

**Gas—Highways—Action for Injuries—Liability of Gas Company.**

1. If plaintiff's injury was due solely to the negligence of the automobile driver with whom she was riding as a guest, and not to the manner in which defendant, who laid gas-pipes along the highway, had refilled the trenches, she could not recover.

   [As to imputing negligence of driver of automobile to occupant, see note in Ann. Cas. 1913B, 684.]

**Gas—Highways—Actions for Injuries—Instructions.**

2. In an action by plaintiff for injuries alleged to have been caused by the wheels of the automobile in which she was riding going down into the loose dirt, refilled into trenches dug along the highway by defendant, when turning out to avoid colliding with an approaching car, where there was evidence that the approaching car was being driven rapidly and taking the greater part of the highway, an instruction that, if the accident was due to the negligence of those in control of the other automobile, defendant was not liable was proper.

**Negligence—Guest in Automobile—Due Care.**

3. While the negligence of the driver of an automobile cannot be imputed to a guest therein, the guest must exercise such care for his own safety as a reasonably prudent person would under like circumstances.

**Negligence—Contributory Negligence—Guest in Automobile—Question for Jury.**

4. Whether the guest in an automobile has exercised reasonable care for his own safety is usually a question for the jury.

From Clackamas: JAMES U. CAMPBELL, Judge.

This is an action by M. L. White against the Portland Gas & Coke Company, a corporation, for an injury caused by defendant's alleged negligence. There was a jury trial resulting in a verdict in favor of defendant, and from granting a new trial on motion of plaintiff, defendant appealed. Reversed and remanded with directions.

Department 1. Statement by MR. JUSTICE BURNETT.

The plaintiff brought this action stating in substance that by permission of the County Court of

Clackamas County the defendant dug a trench along the edge of the traveled portion of the county road leading from the north towards Oregon City and installed therein a gas-main, but so negligently refilled it that the highway was rendered unsafe in that the wheels of vehicles would sink into the fill. She avers in effect that as she was riding lawfully in an automobile on that thoroughfare as the guest of a friend who operated the car, it was turned out to the right to meet another one coming from the opposite direction, and while the machine she occupied was being carefully operated and driven slowly the loose earth in the trench gave way under the wheels so that they skidded, in consequence of which the automobile rolled down the embankment on the right of the road, resulting in her injury.

It is admitted that there was an accident at the place mentioned in the complaint by reason of which the plaintiff received an injury, but otherwise the declaration is traversed in all material particulars. It is stated in the answer that the automobile was being driven at a dangerous rate of speed and that it was turned out so sharply to the right on meeting the other car that it became unmanageable and ran off the side of the road, causing the injury. As against the plaintiff herself, it is alleged:

"That the said accident did not happen through any negligence on the part of said defendant, but happened because the said plaintiff and the person driving said machine, who was under the direction and control of the said plaintiff at the time of the said accident, did not properly or safely drive said machine, but drove the same at a too fast and dangerous rate of speed * * and the said plaintiff while the said machine in which she was riding was being operated, although she knew and understood and appreciated all of the conditions under which said machine was

being operated, and the speed under which said machine was being operated, at the time, made no remonstrances with the driver of the machine in which she was riding as to the careless and negligent manner in which said machine was being operated, and without objection or remonstrance permitted the said driver to drive the said machine at said dangerous and reckless rate of speed, although the said plaintiff was in a position to warn the driver of the automobile in which she was riding of the impending danger, and said accident could have been avoided had the said plaintiff remonstrated with the driver of said machine, or warned him or protested against the dangerous manner in which said machine was being operated and said machine was being operated with the consent of the said plaintiff in said dangerous and reckless manner, all of which was sufficient and should have caused the said plaintiff to understand the conditions, and it was apparent to said plaintiff under the conditions that said automobile in which she was being driven was being driven recklessly and carelessly, all of which was negligence contributing to said accident herein."

This was denied by the reply. The jury trial resulted in a verdict for the defendant. The plaintiff filed a motion for a new trial urging, among other things, that the trial court erred in giving the following instructions:

1. "The defendant in this case is not liable for any negligence if there was any negligence on the part of Mr. Rands, who was driving this automobile in which the plaintiff was riding at the time of the accident, and if this accident happened solely on account of the negligence of Mr. Rands, then the plaintiff is not entitled to recover."

2. "Contributory negligence is simply the failure on the part of the person injured to exercise reasonable and ordinary care under the particular circumstances. The defendant in his answer has set forth

certain allegations wherein it is alleged that the plaintiff in this case was guilty of contributory negligence, contributing to bring about the accident, and I instruct you that if the plaintiff was guilty of negligence contributing proximately to bring about the accident and injury in any of the particulars set forth in defendant's answer, then the plaintiff cannot recover.''

3. ''There has been some evidence in this case that there was another automobile proceeding in a northerly direction on this hill on which the accident happened, and if you should find from the evidence in this case that this accident happened solely on account of the negligence of the automobile that was proceeding in a northerly direction, then I instruct you that the plaintiff would not be entitled to recover in this action, or if you find from the evidence that this accident happened solely on account of the concurring negligence of the people who were in the automobile going in a northerly direction on the hill and the negligence of Mr. Rands who was driving the machine, then your verdict should be for the defendant.''

The court allowed the motion basing its conclusion on the giving of instruction numbered 1, and ignoring the other assignments. The defendant appeals.

REVERSED AND REMANDED WITH DIRECTIONS.

For appellant there was a brief over the names of *Mr. George C. Brownell, Messrs. Stapleton & Conley* and *Messrs. Wilbur, Spencer & Beckett,* with an oral argument by *Mr. H. B. Beckett.*

For respondent there was a brief over the names of *Mr. C. Schuebel* and *Mr. Livy Stipp,* with an oral argument by *Mr. Schuebel.*

MR. JUSTICE BURNETT delivered the opinion of the court.

Supporting the complaint there is evidence to the effect that, at the invitation of Mr. Rands as his

guest, the plaintiff with her two daughters and his wife went riding in his automobile. Mrs. White sat on the left side in the rear seat, one of her daughters next to her, and Mrs. Rands on the right, while another daughter rode on the right of Mr. Rands on the front seat. They were proceeding towards Oregon City from the north on the main traveled road and were going down a hill which had been cut down, using the excavated earth to make a fill about ten feet in height near the foot of the hill. This fill was graveled to a width of about fourteen feet. The gas-main was laid in a ditch approximately two feet in depth, about fourteen inches in width, and some two feet west of the edge of the gravel. The slope on the sides of the fill was quite steep. Testimony on behalf of the plaintiff is to the effect that as they approached it another automobile was being driven quite rapidly up the hill meeting them occupying the major portion of the graveled road; that the Rands' machine was going at the rate of about three or four miles an hour; that when turned to the right the off wheels sank into the loose earth some six or eight inches and ran thus ten or fifteen feet in the ditch when, owing to the declivity, it turned over, rolled down the embankment lodging against a fence and injuring the plaintiff.

The testimony for the defense is to the purport that the track of the off wheels of the automobile driven by Rands led to the right and across the trench at an angle of about sixty degrees and then proceeded parallel with it some distance, making then a slight turn to the left, and immediately afterwards turning precipitously down the embankment. One of the plaintiff's daughters testifying, said the other car was coming pretty fast occupying the greater part of the road and was larger than the one driven by Rands.

The plaintiff stated as a witness that she felt the rush of the air of the car they met and thought they might collide with it. She says she knew the general lay of the land and that the gas-main had been laid in that neighborhood, but that she did not interfere with or protest with Rands about his method of driving.

1. The principal complaint of the plaintiff is about the giving of the instruction first quoted. The exception urged before the Circuit Court was against it as an entirety. The attack made upon it was to the effect that it "did not properly state the law of negligence or contributory negligence which would excuse the negligence of the defendant, and that it assumed as a matter of law the responsibility of the plaintiff for the actions and negligence of Mr. Rands." In the first place it is clear that if "this accident happened solely on account of the negligence of Mr. Rands then the plaintiff is not entitled to recover." This is because there was no relation existing between Rands and the defendant which would render the latter liable for his shortcomings and consequently that part of the instruction was sound. Therefore if we regard the principle laid down by the precedents to the effect that if part of an instruction objected to is sound it will save the remainder, we cannot countenance the objection to the one in question: *Murray* v. *Murray,* 6 Or. 17; *Salomon* v. *Cress,* 22 Or. 177 (29 Pac. 439); *McAlister* v. *Long,* 33 Or. 368 (54 Pac. 194). Moreover, the charge now under consideration does not in any way impute to the plaintiff the negligence of Rands. It is one thing to charge her with his negligence and quite another to exonerate the defendant from its effect. The whole subject of that excerpt was the negligence of Rands. Nothing else

was discussed therein and it was left to the jury to
determine whether he was negligent or not.   The sum
of the situation on that branch of the case is that if
the negligence of Rands, provided there was such
negligence, was the sole cause of the injury the de-
fendant could not be held responsible.   This is a
reasonable paraphrase or interpretation of that part
of the charge to the jury.

2. Plaintiff also urged before the trial court that
there was no testimony justifying the instruction num-
bered 3 to the effect that if the accident happened
solely on account of the negligence of the people in
the other automobile or solely on account of their
negligence and that of Rands together the verdict
should be for the defendant.   As noted above, the
testimony tends to show that the other car was being
driven rapidly up the hill taking the greater part of
the graveled way so that it practically crowded the
Rands machine out of the road at least to a large ex-
tent.   This would be negligence on the part of those
in control of the other automobile and if, as the jury
may have found, it operated to compel Rands to turn
out to avoid what seemed to be the greater danger of
collision so that this was the single cause of the acci-
dent it would exonerate the defendant.   This instruc-
tion was predicated on the hypothesis that the mishap
resulted solely from the negligence of parties over
whom the defendant had no control.   In order to sus-
tain this instruction it is only necessary to point out
that there was some evidence to go to the jury on that
subject.

3, 4. The most difficult proposition is whether the
court erred in giving instruction numbered 2 on the sub-
ject of contributory negligence.   It has been decided
very frequently and in some of our own precedents

that the negligence of one operating an automobile cannot be imputed to his guest: *Tonseth* v. *Portland Ry. L. & P. Co.,* 70 Or. 341 (141 Pac. 868). That, however, is not the precise question in hand. The guest cannot abdicate his duty to use reasonable diligence in caring for himself. As said in *Thompson* v. *Los Angeles etc. Ry. Co.,* 165 Cal. 748 (134 Pac. 709, 712):

"It is of course true that a passenger in a vehicle operated by another is bound to exercise ordinary care for his own safety."

If such passenger is aware that the operator is carelessly rushing into danger it may be incumbent upon him to take proper steps for his own safety. Whether the occupant has exercised reasonable care in the matter involved is usually a question for the jury. The standard of care is the conduct of a reasonably prudent person in such environments. The application of this rule must be left to the judgment of the twelve triers of the fact. It may be that Rands' attention was so thoroughly riveted upon the approaching car as to make him unconscious of being so near the edge of the embankment, and that if his attention had been called to that matter by the plaintiff he would have avoided the slope. It may be also that the jury considered she was remiss in her duty in not warning him. We cannot say as a matter of law whether she was heedless or not. It must be left to the jury whether she failed in her duty as a reasonable person under the circumstances in not calling the attention of Mr. Rands to the danger of going over the embankment in his effort to avoid a collision with the other machine. Under the conditions disclosed by the record, the court was not in

error in giving an instruction on contributory negligence.

Negligence may be grounded in action or refusal to act, in speaking or failing to speak, all with reference to duty in the premises. We can easily conceive of cases where a clamor of direction by the guest would confuse a driver or chauffeur and increase the danger in a manner amounting to contributory negligence of the passenger. In others the duty to utter warning might be imperative. In some instances it would be rank folly to wrest the reins or the wheel from the hands of the one in charge of the vehicle. In others it might be highly necessary to do that very thing. The court cannot lay down a mathematical precept as a rule of law enjoining in detail what should be said or done or omitted in every juncture of danger. It is plain, however, that an invited guest is not to be supine and inert as mere freight. Accepting the hospitality of his friend does not excuse him from the duty of acting for his own safety as a reasonably prudent person would under like conditions. Whether he does so or not must be decided by the twelve who declare the facts embodied in the verdict.

The distinction between the doctrine that the fault of the driver is not to be imputed to his guest and the other principle that the guest himself may be guilty of contributory negligence in not acting as a reasonably prudent person would in the exigency involved is elaborated in *Dale* v. *Denver City Tramway Co.*, 173 Fed. 787 (97 C. C. A. 511, 19 Ann. Cas. 1223, and note); *Christopherson* v. *Minneapolis etc. Ry. Co.*, 28 N. D. 128 (147 N. W. 791, Ann. Cas. 1916E, 683 and note, L. R. A. 1915A, 761, and note); *Wachsmith* v. *Baltimore & O. R. R. Co.*, 233 Pa. St. 465 (82 Atl. 755, Ann. Cas. 1913B, 679, and note); *Anthony* v. *Kiefner*,

96 Kan. 194 (150 Pac. 524, Ann. Cas. 1916E, 264, and note, L. R. A. 1915F, 876); *Rebillard* v. *Minneapolis etc. Ry. Co.*, 216 Fed. 503 (133 C. C. A. 9, L. R. A. 1915B, 953).

The conclusion is that the trial court did not err in its instructions to the jury but was mistaken in its ruling granting a new trial. The order to that effect is therefore reversed and the cause remanded to the Circuit Court with directions to reinstate the original judgment for the defendant: *Sullivan* v. *Wakefield,* 65 Or. 528 (133 Pac. 641).

REVERSED AND REMANDED WITH DIRECTIONS.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.