Submitted on briefs December 12, 1918, affirmed February 4, rehearing denied March 4, 1919.

## KEELER BROS. *v.* SCHOOL DIST. No. 108.

(178 Pac. 218.)

**Schools and School Districts—Action for Legal Services.**

1. Under a contract to prepare for defendant school district all legal proceedings necessary for the issuance of bonds by the district, furnish lithographed bonds for signatures, etc., plaintiff could not without any action of board of directors proceed to put bonds in denominations it saw fit, and after delivering them rely upon that as a compliance in view of Laws of 1913, page 306, Section 2.

**Schools and School Districts—Evidence—Admissibility.**

2. In action on contract to prepare for defendant school district all legal proceedings necessary for the issuance of bonds by the dis-

trict, furnish ballots, etc., defendant should not have been permitted to introduce a bill for printing ballots where there was no allegation in the answer that the contract had been modified.

**Appeal and Error — Erroneous Admission of Testimony — Harmless Error.**

3.   In action ·on· contract to prepare for defendant school district all legal proceedings necessary for issuance of bonds by the district, to furnish ballots, etc., error in admitting evidence by defendant of a bill for cost of printing ballots *held* not to have affected verdict; evidence of printing of ballots having already been admitted without objection.

**Schools and School Districts—Action for Legal Services—Instruction.**

4.   In action on contract to prepare for defendant school district all legal proceedings which when adopted would show adequate lawful authority for issuance of bonds for school purposes, *held*, that the court properly instructed that proof of posting notices of election was a material part of the contract.

**Contracts—Construing Against Maker.**

5.   Plaintiff, which is an expert in matters of contracts like the one involved and prepared the contract in its own language, should be held strictly to each provision and if there is any vagueness in the contract, it should be construed against plaintiff rather than in its favor.

[As to right of attorney to recover compensation, see note in 127 Am. St. Rep. 841.]

From Clackamas: JAMES U. CAMPBELL, Judge.

In Banc.

This is an appeal from a judgment in favor of the defendant in an action for recovery of money on a contract. The plaintiff is a corporation evidently engaged generally in the purchase of municipal bonds, and, incidentally thereto, in preparing the records and proceedings for school districts and municipalities preliminary to the issuing of such bonds. The defendant is a school district in Clackamas County, Oregon. Having in contemplation the issuing of twenty-five thousand dollars in bonds for the building and furnishing of a schoolhouse, the district, through two of its directors, entered into a contract with the plaintiff in regard to the preparation of the proceedings, etc.

The proposition of the plaintiff, which seems to have been duly accepted by the school district, was as follows:

"We agree to employ in your behalf our bond attorneys to prepare any and all legal proceedings necessary for the issuance of the bonds aforesaid, furnish forms of notices, ordinances, resolutions, forms of ballots, and affidavits necessary to properly complete the bond transcript, also furnish lithographed bonds ready for the signatures, and such proceedings when adopted will show adequate, lawful authority for the issuance of the bonds mentioned. It is understood and agreed that your board will take any and all such steps and adopt such proceedings as our attorneys may direct and prepare to the end that the bonds are duly authorized to be issued.

"For and in consideration of our services in the above transaction, it is understood and agreed that we are to be allowed the sum of $200.00 upon demand therefor. We agree to submit a bid for the bonds on date of sale and if the same are awarded to us, our fee of $200.00 is to be refunded to the district. If authorization of these bonds for any reason fails, our fee for services in connection therewith shall be $———, which the ——— agrees to pay us, on demand therefor.

"Keeler Brothers.
"By (Signed) Fred Glenn."

In this case both sides seem to have been attempting to some extent to take advantage of facts and conditions really outside of the allegations of the pleadings.

The plaintiff sues upon what is alleged to have been a completed contract upon its part. One of the conditions of its contract, as we have seen, was that it would *"furnish lithograph bonds* ready for the signature, and such proceedings, when adopted, will *show* adequate, lawful authority for the issuance of the bonds

mentioned." Also, that it would "submit a bid for the bonds on date of sale, and if the same are awarded to us, our fee of $200 is to be refunded to the district. If authorization of these bonds for any reason fails, our fee for services in connection therewith, shall be $————.''

The proceedings to authorize these bonds were under Section 2, Chap. 172, Laws of 1913, under which the power to designate the denomination and amount of the bonds, and the number of the same, is left with the board of directors, and of course this must be done before the bonds can be properly printed or lithographed. Nevertheless, without any action by the board of directors in this regard whatever, the plaintiff proceeded to lithograph and deliver to the defendant twenty-five bonds of a face value of $1,000 each, and redeemable in serial fashion *after ten years from their date.*

The bonds which were finally decided upon by the directors and sold by the district were entirely different, there being fifty of them of the denomination of $500 each, and being redeemable in serial numbers commencing *five years after date.* It was upon *these* bonds and not upon the bonds as prepared by it, that the plaintiff submitted its bid. The bonds prepared by the plaintiff could not have been used without alteration (if at all) for the sale actually made by the defendant and bid upon by the plaintiff.

There is a suggestion in the evidence that plaintiff offered to change the form of the bonds prepared by it, or prepare other bonds, but there is no allegation or claim that this was actually done, and there is no allegation in the complaint that the officers of the school district failed to comply with the contract in

this regard upon their part, *or thereby prevented the plaintiff from carrying out the provisions incumbent upon it.*

On the other hand, the defendant sought to take advantage of certain alleged subsequent modifications of the contract without pleading the same in any way.

There was no motion to set aside the verdict or for a new trial, and the case comes up alone upon certain exceptions to the introduction of evidence, and to two of the instructions given by the court.    AFFIRMED.

For appellant there was a brief submitted by *Mr. Frank S. Grant.*

For respondent there was a brief prepared and submitted by *Mr. E. W. Bartlett.*

BENNETT, J.—1. We do not think the evidence offered by plaintiff shows a sufficient compliance with the contract to entitle the plaintiff to recover under the pleadings.    The lithographing of the bonds was a very essential and vital part of the services to be performed by the plaintiff.    The plaintiff could not, without any action by the board fixing the denomination of the bonds, proceed to print them in any denomination it saw fit, and after delivering them depend upon that as a compliance with its contract.    The bonds, as delivered, were absolutely worthless to the defendant under the conditions of sale, as finally authorized by the board.    The plaintiff itself tacitly admitted this by putting in a bid, not for the bonds prepared by it, but for bonds "due serially 5 to 20 years after date." (Its own bonds were 10 to 20 years after date.)

Plaintiff should have applied to the board of directors to fix the character and denomination of the bonds

and then after the directors refused to do so, it might have brought an action for the *breach* of its contract. This it did not do and it did not allege in its complaint even that it had offered to alter its bonds, or to reprint them. It stood upon an allegation of a *completed contract.* We think, therefore, there was no evidence upon which it could recover under the allegations of the complaint.

But besides this, we do not think there was any error against the plaintiff brought up by the record upon which the case should be reversed.

The assignments of error are as follows:

"The court erred in requiring the plaintiff to prove by county school superintendent records that the directors of the defendant were duly elected and qualified.

"The court erred in permitting improper examination of a witness, Fred Glenn, as to whether or not forms or copies of forms were furnished by an attorney.

"The court erred in permitting improper cross-examination of witness Glenn, as to the printing of ballots, and the expense thereof.

"The court erred in permitting witness Holder to testify that plaintiff agreed to be present personally or by representative at the school election.

"The court erred in permitting the defendant to introduce in evidence a letter stating that plaintiff or its representatives were all present at this special election.

"The court erred in permitting the introduction in evidence by the defendant of a bill for the cost of printing ballots.

"The court erred in permitting testimony of a material change in the written contract in the absence of such defense being pleaded in the answer.

"The court erred in giving Instructions Numbers 6 and 7."

91 Or.—21

We doubt if any of these assignments of error are sufficient to present the questions involved, and indeed only three of them are urged or alluded to in the brief and argument for appellant.

2, 3. We think the court should not have permitted the bill to be introduced for the printing of the ballots, as there was no allegation in the answer that the original contract had been modified in any way, but we do not think it likely the error affected the verdict in any way, especially as the evidence of the printing of the ballots had already been admitted without objection.

The same is true as to the evidence of Glenn not being present at the time of the election, and we think this evidence was virtually taken from the jury by the latter part of the seventh charge.

4. The main reliance of the appellant, however, is on the sixth charge given by the court, and it is earnestly insisted that this charge was error. The only exceptions thereto were as follows:

"Mr. Grant: I would like to except to that portion of your charge where you instructed the jury, as a matter of law, the failure to furnish the proof of posting notices.

"Court: That is, if they failed to furnish a copy of that affidavit.

"Mr. Grant: Yes.

"Court: You will be allowed an exception."

And a little later:

"To the giving of the instructions 6 and 7, and to the giving of each thereof, the plaintiff at the time excepted."

It is doubtful if this is a sufficient exception under the rule that where a charge covers more than one proposition, part of which is good and part of which is bad, a general exception is not sufficient, but the par-

ticular error must be specifically pointed out: *Murray* v. *Murray,* 6 Or. 17; *Langford* v. *Jones,* 18 Or. 330 (22 Pac. 1064); *Jensen* v. *Foss,* 24 Or. 158 (33 Pac. 535); *McAlister* v. *Long,* 33 Or. 368 (54 Pac. 194). However, we think the charge is substantially correct.

It may be that the proof of posting notices by certificate or affidavit was not absolutely *essential* to the validity of the bonds, still that was a convenient and proper way of showing on the record that the notices had been published. It might have been sufficient to have this appear in the records of the meeting, as was done in *Amort* v. *School Dist.,* 48 Or. 522, 524 (87 Pac. 761), in which case the court said:

"There is no statute requiring the proof of such posting to be made in any particular manner, and, in our opinion, it is sufficient if it appears from the records of the district and board meetings kept by the clerk that the notice was, in fact, posted as required by law."

Here there was no attempt to prove that the proof of service was supplied by the record, or in any other way except, by an affidavit or certificate. The agreement of the plaintiff was that the proceedings should *show* adequate lawful authority for the issuance of the bonds mentioned. It seems to have been assumed by all of the parties that such a certificate or affidavit on the part of the clerk was the best and most convenient way of making it appear upon the record that the notices had been given. The plaintiff claims that such an affidavit or certificate *was actually prepared and delivered* by it. The testimony of the defendant is that no such paper was furnished.

5. The school district could not be expected to put its bonds upon the market subject to any doubt or uncertainty as to any step of their authorization. The

plaintiff is an expert in the matter of contracts like this. It prepared the contract itself and in its own language. It deals with the officers of a school district, who are ordinarily inexperienced in such matters. We think it should be held strictly to each provision of its contract, and if there is any vagueness in the contract which it itself, has prepared, that vagueness should be construed against it rather than in its favor.

It is urged that the court should not have instructed specially as to this matter, but we think it was entirely proper for the court to announce to the jury the rule of law in relation thereto. It was about the only matter as to which there was an essential controversy or contradiction in the evidence. The court did not give undue prominence to such a question by informing the jury as to whether or not the certificate or affidavit in question and about which there was a contradiction in the evidence, was material. We think the court was right in instructing the jury:

"That the proof of posting notices of election is a material part of this contract, and it is for you to determine under this evidence whether or not that form was supplied by the plaintiff in this case."

Affirmed.   Rehearing Denied.