MARION AND BLUFFTON TRACTION COMPANY *v.* REESE.

[No. 9,920.   Filed October 17, 1919.]

RAILROADS.—*Crossing Accidents.—Injury to Passenger in Automobile.—Liability.—Contributory Negligence.*—One riding as a passive guest in another's automobile, which was struck by an interurban car on a public highway crossing, was not chargeable with contributory negligence.

From Wabash Circuit Court; *Nelson G. Hunter,* Judge.

Action by Martha Reese against the Marion and Bluffton Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Abram Simmons, Charles G. Dailey, John J. Kelly* and *Plummer, Todd & Plummer,* for appellant.

*Herman N. Hipskind, Fred H. Bowers* and *Milo N. Feightner,* for appellee.

McMAHAN, J.—Appellee, while riding in an automobile as the guest of another, was injured at a public highway crossing when the automobile in which she was riding was struck by one of appellant's cars, and she sues for damages.

The first paragraph of complaint alleges that the appellant negligently operated the car which injured appellee. The second paragraph is similar to the first, with the additional allegations that, when appellee discovered her peril, she was unable to extricate herself from the dangerous position; that appellant knew the dangerous character of the highway crossing, and in the exercise of reasonable care could have seen appellee and her peril in time to have avoided the injury; that appellant negligently failed

to watch the crossing and to stop its car. The third paragraph is also similar to the first, except that it contains the further allegations that the appellant knew the dangerous character of the highway crossing, and saw appellee, and that she was in a position of peril, in time to have stopped his car and avoided injuring her. The jury returned a verdict for appellee, and also answered a number of interrogatories.

The errors assigned are that the court erred in overruling appellant's motion for judgment on the interrogatories, and in overruling its motion for a new trial. It is the contention of appellant that the facts found by the jury in answer to the interrogatories are inconsistent with the general verdict, in that they show that appellee was guilty of contributory negligence, and that the court therefore erred in overruling its motion for judgment *non obstante.*

The law as to when the answers to interrogatories are sufficient to overthrow the general verdict is so well settled that it is needless for us to enter into a discussion of that subject. It is sufficient to say that the facts found are entirely consistent with, and in fact support, the general verdict.

Appellant insists that the verdict is not sustained by sufficient evidence, and is contrary to law, for the reason that appellee's negligence was the proximate cause of her injury. We cannot agree with this contention. Without going into the evidence in detail, it is sufficient to say that it is shown by the evidence that appellee was a passive guest in an automobile which was driven by a friend. She was sitting in the rear seat with her husband and two children at the time of the accident. The driver of the automobile and his wife were sitting in the front seat. The top

of the automobile was up and the doors were closed.
We have carefully read the testimony of all the witnesses, and find that the verdict of the jury is amply supported by the evidence and is not contrary to law. *Wabash R. Co.* v. *McNown* (1913), 53 Ind. App. 116, 99 N. E. 126, 100 N. E. 383.

Appellant also insists that the answers which the jury made to certain interrogatories are not supported by sufficient evidence. Appellant has failed to set out the interrogatories complained of, or the answers thereto. No information is given us concerning the nature of said interrogatories or their answers. It does not appear that, if said interrogatories had been answered differently, the general result would be changed. Objection is made to instructions Nos. 1 to 8, given at the request of appellee. From the examination of these instructions, we hold that none of them are open to the objection urged. It was proper, under the last paragraph of complaint and the evidence, to instruct the jury on the doctrine of last clear chance.

There being no reversible error shown, the judgment is affirmed.