## TRENHOLM v. SOUTHERN PAC. CO.

(Circuit Court of Appeals, Ninth Circuit. November 2, 1925.)

No. 4614.

Railroads ☞350(21)—Contributory negligence of automobile passenger at crossing held for jury.

Contributory negligence of young girl, killed at crossing while riding in automobile, without side curtains, driven by her father, all occupants of car having clear view of track, in direction of approaching train, for three-fourths of a mile from crossing, from time they reached point 800 feet distant, *held* for jury.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Action by D. P. Trenholm, as administrator of the estate of Ada Clare Trenholm, deceased, against the Southern Pacific Company. Judgment for defendant (4 F.[2d] 562), and plaintiff brings error. Reversed and remanded for new trial.

Vinton & Tooze, of McMinnville, Or., for plaintiff in error.

Ben C. Dey and Clarence J. Young, both of Portland, Or., for defendant in error.

Before GILBERT, RUDKIN, and Mc-CAMANT, Circuit Judges.

RUDKIN, Circuit Judge. There is little or no controversy over the facts in this case. The West Side Pacific Highway runs in a northerly and southerly direction through the city of McMinnville, in Yamhill county, Or. North of the city limits the highway crosses the track of the Southern Pacific Company at grade. At the point of crossing the railroad track runs in a northeasterly and southwesterly direction, so that to one approaching the crossing from the south the highway and the track form an acute angle on the left and an obtuse angle on the right. On the evening of May 29, 1924, the plaintiff in error, accompanied by his wife and three children, approached this crossing from the south in an open automobile. The plaintiff in error was driving the automobile, and sat at the wheel in the front seat on the left; his wife sat in the front seat at his right; his 17 year old daughter, whose unfortunate death was the cause of the present controversy, sat at the right in the back seat; an older daughter sat at the left in the back seat; and a daughter of about 10 years of age sat in the center in the back seat. The topography of the country is such that a train approaching the crossing from a northeasterly direction would be in plain view of the occupants of the automobile for a distance of 800 feet before reaching the crossing, except in so far as the view might be temporarily obstructed by a sign at the side of the highway, about 25 feet in length and about 100 feet back from the railroad track.

As the automobile approached the crossing from the south, a train consisting of two cars approached it from a northeasterly direction. It is apparent from the testimony that none of the occupants of the automobile saw the approaching train until the automobile reached a point about 40 feet from the crossing, when the train was perhaps double that distance away. At that point the deceased exclaimed, "Oh, daddy! there's the train!" Upon hearing this exclamation, the plaintiff in error applied the brakes and looked first to the left and then to the right, whence the train was coming. He decided that he could not stop the automobile before colliding with the train, so he attempted to make the crossing ahead of it. In this he failed, and the train struck the automobile before it cleared the track, causing the death of the daughter sitting in the rear seat at the right-hand side, as already stated.

The present action was thereafter commenced by the plaintiff in error, as administrator of her estate, to recover damages for her death by the wrongful act and neglect of the railway company. At the close of the testimony the court below directed a verdict in favor of the defendant, upon the ground that the deceased was guilty of contributory negligence. The present writ of error was then sued out to review the judgment.

The contributory negligence of the deceased while thus riding as a passenger in the automobile driven by her father is the only question presented by the record. This question has received much consideration from the courts, especially in recent years, since the advent of the automobile, but the decisions are far from harmonious. Thus in Huddy on Automobiles it is said:

"As a practical proposition, one who is merely a passenger in an automobile is not required to use many precautions to avoid injury from defects in the highway or from other conveyances. The rule is somewhat more strict at railway crossings. But, theoretically, though the negligence of the driver is not imputed to him, he is required to exercise reasonable care under the circumstances; that is, he must use the same care that a reasonably prudent passenger would under like circumstances. * * *

"As a general proposition, one who is merely a guest or passenger in an automobile may, to some extent, though not absolutely, rely that the driver will exercise reasonable care to avoid danger. And, in the absence of unusual circumstances, he is not guilty of contributory negligence if he relies on the skill of the driver, and does not take active steps to see that the machine is properly propelled. Ordinarily it is not the province, or even proper for a guest to attempt to direct the movements of the driver. * * *

"A passenger cannot close his eyes to an obvious or well-known danger, or intrust his safety absolutely to the driver, but in many jurisdictions he is not required, as a matter of law, to keep a continual lookout

for approaching vehicles or locomotives, or for defects in the highway or other causes which might occasion an injury to the machine. His negligence presents a jury question. In other words, he may to some extent, though not completely, rely on the driver keeping a lookout for dangers as might be encountered on the trip. Thus he is not necessarily charged with contributory negligence because at the time of crossing a railroad track he was engaged in conversation with another passenger. If the passenger assumes the duty of looking out for trains and other dangers, the situation is entirely different.

"In many states, however, it is held that a passenger, knowing that he is approaching a railroad crossing, is guilty of contributory negligence as a matter of law if he fails to look and listen for approaching locomotives; it being sometimes said that he is as much under the duty of looking for locomotives as the driver." Huddy on Automobiles (7th Ed.) §§ 820, 823, 824.

The principal case supporting this latter proposition is Bradley v. Missouri Pac. R. Co. (C. C. A.) 288 F. 484, upon which the court below chiefly relied in directing the verdict in favor of the defendant in error. If we were to accept that extreme view of the law, there would seem to be no escape from the conclusion reached; but' that view is not in harmony with the decision of this court in Southern Pac. Co. v. Wright, 248 F. 261, 160 C. C. A. 339, and is not, in our opinion, supported by the weight of authority. The rule prevailing in those courts which hold that the mere failure of a passenger to look and listen and give timely warning of the approach of a train is not contributory negligence, as a matter of law, is well stated in Carnegie v. Great Northern Ry. Co., 128 Minn. 14, 150 N. W. 164:

"The negligence of the driver of a vehicle is not imputed to a mere passenger riding therein. Nevertheless a passenger is required to exercise a proper degree of care for his own safety, and any negligence on his part that contributes to his injury is fatal to his right to recover. He is obliged to exercise such care as a reasonably prudent person would, when riding with another under similar circumstances. A person of ordinary prudence, riding with another upon his invitation, will naturally put a certain trust in his judgment, and will rely in some measure on the assumption that he will use care to avoid the ordinary dangers of the road. In order to conclusively charge a mere passenger with contributory negli-

gence in failing to see an approaching train, something more than ability to see and a failure to look must be shown. His failure to look is evidence to be considered on the question of his negligence, but it is not conclusive against him. In general, the primary duty of caring for the safety of the vehicle and its passengers rests upon the driver, and a mere gratuitous passenger should not be found guilty of contributory negligence as a matter of law, unless he in some way actively participates in the negligence of the driver, or is aware either that the driver is incompetent or careless, or unmindful of some danger known to or apparent to the passenger, or that the driver is not taking proper precautions in approaching a place of danger, and being so aware, fails to warn or admonish the driver, or to take proper steps to preserve his own safety."

The reason for the rule is thus stated in Terwilliger v. Long Island R. Co., 152 App. Div. 168, 136 N. Y. S. 733:

"He had a right to assume that Mr. Welsh, his friend, would exercise reasonable care in the operation of his car; and unless he was aware of the railroad crossing, and had reason to apprehend that Mr. Welsh would run his car into a position of danger, the jury might properly find that he was in the exercise of that reasonable degree of care which an ordinarily prudent man would exercise under like circumstances, by merely sitting still in his seat and talking with a fellow passenger. That is probably what 75 per cent. of the persons who go out for a drive with their friends do under the circumstances. They have no power over the car, no authority over the driver; and while they would not be free to ride with a reckless driver, knowing the fact, and charge their misfortunes upon others, we do not think it can be said that there is a failure to produce evidence of a lack of contributory negligence where it appears, as it does here, that the plaintiff's intestate was sitting in his seat engaged in a conversation with a fellow passenger who was occupying the seat behind him, and who was leaning forward for the purpose of carrying on the conversation, leaving the driver free to manage the car. Of course, if the passenger was familiar with a known danger, if he was better informed of the circumstances than the driver, it might be his duty to watch and point out the danger, but here the car was being driven upon a flat land, in broad daylight, and at an angle with the railroad track, which had been

crossed some distance back and which was to be crossed again at grade. It was an open country, and, assuming that the plaintiff's intestate was familiar with the country, which is the most favorable view for the defendant, it cannot be said as a matter of law that he was bound to anticipate that Mr. Welsh would drive upon the crossing without observing the situation and taking the necessary precautions."

This rule obtains in the state of Oregon, where the accident in question happened. White v. Portland Gas & Coke Co., 84 Or. 643, 165 P. 1005. And the rule is especially applicable to a passenger riding in the rear seat. Weidlich v. New York, N. H. & H. R. Co., 93 Conn. 438, 106 A. 323; Marion & B. Traction Co. v. Reese, 71 Ind. App. 223, 124 N. E. 500; Stewart v. Darby, 75 Ind. App. 120, 127 N. E. 568; Glanville v. Chicago, R. I. & P. Ry. Co., 190 Iowa, 174, 180 N. W. 152; Cowan v. Salt Lake & U. R. Co., 56 Utah, 94, 189 P. 599. Furthermore, we think the rule best accords with the everyday conduct of the ordinarily prudent person under like circumstances, and that is the standard of due care. Considering, then, the age of the deceased, her position in the car, the fact that the car was driven by her father, the fact that she had no notice that he was either incompetent or reckless, and all the surrounding circumstances, we have little hesitation in saying that the question of her contributory negligence was one of fact for the jury.

The judgment is therefore reversed, and the cause is remanded for a new trial.